STATE v. MATTHEW LEARY.

*Assault and Battery.*

1. The parties were disputing about a piece of land—the prosecutor on one side of a fence advanced towards the defendant with an axe—the defendant on the other side shot him across the fence; *Held,* the principle of self-defence has no application, but defendant is guilty of an assault.

2. Where the facts of a case of homicide constitute the crime of manslaughter, the same state of facts will make the case of an assault if no killing ensues.

INDICTMENT for an assault and battery tried at Fall Term, 1882, of CUMBERLAND Superior Court, before *Gilmer, J.*

The assault was made with a gun; the defendant was convicted, and upon judgment being pronounced against him, appealed to this court upon the ground of error committed in the charge of the court to the jury.

*Attorney-General,* for the State.
*Mr. R. P. Buxton,* for the defendant.

ASHE, J. The case is so imperfectly made out that we cannot see what were the facts. We can only infer them from the testimony proposed to be offered by the defendant, his instructions asked, and the charge of His Honor.

The only statement of facts contained in the record are, that the state, without objection from the defendant, proved by the prosecutor that the difficulty between him and the defendant occurred on land of which he was and had been for ten years in possession.

The defendant testified in his own behalf, and admitted that he shot the prosecutor with a gun, and proposed to prove that he was on his own side of the fence when he fired the gun—the line between him and the prosecutor having been previously run by a surveyor. This evidence was objected to by the state and not allowed by the court. The defendant excepted.

The defendant then asked the court to rule out the evidence introduced by the state to prove possession by the prosecutor, which was done.

This is all the evidence, in regard to the facts, disclosed by the statement of the case. There is not a word about the prosecutor's advancing upon the defendant with an axe raised in a threatening manner. But the defendant asked the court to instruct the jury, " that if the prosecutor found the defendant on the disputed land and advanced upon the defendant with an axe in a threatening manner, and was warned by the defendant to

stand back, but continued to advance upon defendant—then defendant was justified in using the gun in self-defence, if the jury shall believe the defendant was in danger of being stricken with the axe."

The court, in response to this request, instructed the jury that if the prosecutor found the defendant on the disputed land and advanced upon him with an axe in a threatening manner, and was warned by the defendant to stand back, but continued to advance upon him, then the defendant was justified in using the gun in self-defence, if the jury believe that he was then and there, by reason of the proximity of the prosecutor, his ability to strike, and under all the circumstances of the case, in danger of being stricken with the axe. The defendant excepted to the charge.

This was the only exception taken by the defendant, except that to the exclusion of the testimony of the defendant in regard to his possession on his side of a line run by a surveyor. There was no error in that ruling.

Nor can we see there was any error in His Honor's charge to the jury.

Taking the whole record together, and gathering the facts as well as we can from it, we take it, that the prosecutor and defendant were in dispute about a piece of land; that there was a fence running somewhere upon the disputed territory, and the prosecutor being on the one side of the fence and the defendant on the other, the prosecutor advanced towards the defendant with an axe in his hand, and the defendant shot him across the fence. If such be the state of facts, and it is the only one, we think, that can be reasonably deduced from the meagre statement of the case, if the defendant had killed the prosecutor, he would have been guilty, at least, of manslaughter; and when the facts of a case of homicide constitute the crime of manslaughter, if no killing ensues, the same state of facts will necessarily make the case of an assault and battery.

78

If the facts are anything like those we have supposed, there is not the slightest pretext for the application of the principle of self-defence. We are unable to discover any error in the record. This must, therefore, be certified to the superior court of Cumberland that the case may be proceeded with according to this opinion and the law.

No error.                                    Affirmed.