## STATE v. REID SUDDERTH.

(Filed 13 December, 1922.)

1. **Assault and Battery — Automobiles — Highways — Statutes — Public Safety—Criminal Law—Evidence.**

Our statutes on the subject of regulating the care to be used by those driving motor vehicles upon the State's highways, among them, C. S., 2617, as to the passing without interference; 2618, amended by Public Laws 1921, ch. 98, Extra Session, as to reckless driving, having regard to the width of the highway, traffic thereon, and the various rates of speed in accordance with location in the country, upon streets of cities, towns, etc.; 2599, making a violation of any of the provisions of ch. 55, C. S., a misdemeanor, are to secure the reasonable safety of persons in and upon the highways of the State, and where death or great bodily harm results, evidence that the accused was, at the time charged, violating these provisions may be properly received upon a trial for murder or for manslaughter in appropriate instances, or as evidence of an assault where no serious injury has resulted.

**2. Same.**

A battery includes an assault, and to constitute an assault it is not necessary that the defendant should have directly struck the one assaulted, for any unlawful touching of the person alleged to have been assaulted, or the setting in motion of any force that is committed through means which ultimately produce this result, and are likely to produce it, is sufficient, and applies when a person driving an automobile upon the State's highway, in consequence of his violating the statutes on the subject, collides with another person driving an automobile thereon, which results in a physical jarring of such other person, though he may not have been thrown from his automobile, or struck in any part of his body.

**3. Criminal Law—Sentence—Discretion of Court—Courts—Inference— Appeal and Error.**

A permissible inference that the trial judge increased the sentence of the defendant, convicted of an assault and battery, because the defendant later exercised his right of appeal, on the facts of the record *is held* insufficient to justify the Supreme Court in setting the judgment aside on the ground that the judge has grossly abused the exercise of the legal discretion given him by the law.

Appeal by defendant from *Ray, J.,* at August Term, 1922, of Burke. Indictment for assault with deadly weapon.

The evidence on the part of the State tended to show that on the night of 16 July, 1922, as prosecutor was going towards Morganton in his automobile, defendant, also in an automobile, meeting said witness, ran his said machine into that of plaintiff, broke front axle of prosecutor's car in two places, also one wheel, knocked off the fender, running board, and braces, and bent up the running gear. That at time of collision defendant was running his car at thirty to thirty-five miles an hour, and was over on prosecutor's side of the road. Prosecutor was going fifteen or twenty miles per hour, and in the endeavor to avoid a collision, had run his car as far to his own side of the road as he could get with safety, the cars being on a fill. That prosecutor was not struck in any part of his body, nor thrown out of the car by the collision. The testimony of prosecutor was supported by evidence to the effect that after the collision defendant's car was found on wrong side of the road, as claimed and testified to by the prosecutor.

There was evidence for defendant in denial of plaintiff's account of the occurrence, and tending to show that defendant was only going ten or fifteen miles per hour, and was on his own side of the road. That prosecutor had just come around a curve in the road without sounding his horn or giving any signal, and defendant was within twenty-five feet of prosecutor when he first saw him, and too late to avoid the collision.

The court submitted the issue to the jury with a very full statement of the evidence and contentions of the State, and of the defendant, instructing the jury, among other things, that if the facts as testified to

by the State's witnesses were accepted by them, and they were satisfied that they were true beyond a reasonable doubt, then an assault was committed as charged. Verdict, guilty. Judgment, and defendant excepted and appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*
*S. J. Ervin and S. J. Ervin, Jr., for defendant.*

HOKE, J. Our statute on the subject of motor vehicles, C. S., ch. 55, Public Laws, Extra Session 1921, among other things, in section 2617, provides: "That persons operating such machines on the public highway, meeting another, shall reasonably turn to the right of the center of the road so as to pass without interference." And in section 2618, as amended by Public Laws, Extra Session 1921, ch. 98, forbids that persons operating such vehicles shall do so recklessly or at a greater rate of speed than is reasonable and proper, having regard to the width, traffic, and use of the highway, or so as to endanger the life and limb of any person, with a proviso that a rate of speed in excess of twenty miles per hour in the residence portions of any city, town, or village, and a rate in excess of ten miles in any business portion of a city, town, or village, and a rate in excess of thirty miles an hour on any public highway outside of the corporate limits of any incorporated city or town shall be deemed a violation of the section, etc. And in section 2599 of said chapter the violation of any provision of this chapter is made a misdemeanor.

This statute being designed to secure the reasonable safety of persons in and upon the highways of the State, and enacted because a violation of the provisions is likely to result in death or serious bodily harm of such persons, it is the established principle, and has been so directly held with us, that where one upon the highway is killed or injured by reason of the operation of one of these vehicles in violation of the statutory provision, the party in default may be prosecuted for murder or manslaughter if death ensues, and for assault in cases of personal injury. *S. v. Rountree,* 181 N. C., 535; *S. v. McIver,* 175 N. C., 761; *S. v. Leary,* 88 N. C., 615. In this last case it is said: "Where the facts of a case of homicide constitute the crime of manslaughter, the same state of facts will constitute an assault if no killing ensues."

On the facts, as accepted by the jury, a proper application of these principles is in full support of defendant's conviction. It is well understood that a battery always includes an assault. Coke on Littleton, p. 253. And in Clark on Criminal Law, p. 253, it is said "That a battery is an assault whereby any force, however slight, is actually applied to the person of another, directly or indirectly."

In Greenleaf on Evidence, (16 ed.), sec. 84, the author says "That a battery is the actual unlawful infliction of violence on the person of another, and may be proved by evidence of any unlawful touching of plaintiff's person, whether by the defendant himself or by any substance put in motion by him." And in 2d Wharton Criminal Law (11 ed.), sec. 804: "Whether it is an assault and battery on B. to strike a horse driven by B. was at one time doubted, but the better opinion is that a blow is a battery irrespective of the number of mechanical agencies through which it is transmitted." And in section 811: "A battery is an assault in which force is applied by material agencies to the person of another, either mediately or immediately." And by way of illustration: "Thus, to strike the dress of a person assailed or the house in which he resides may be as much a battery as to strike his face."

While in the instant case the prosecutor was not thrown entirely from the car, nor struck in any part of his body, the physical jar necessarily produced by the collision described in evidence, caused by the unlawful use at the time of defendant's car, is clearly sufficient, as stated, to justify a conviction for assault and battery.

It is further objected for error that on the rendition of the verdict defendant was sentenced to twelve months in the common jail, and assigned to work on the roads in Iredell County. And the next day, when a motion for a new trial was made and overruled, and appeal taken, the court struck out the first judgment and imposed a sentence of two years in jail, and assigned to work the roads, etc. In this connection the case on appeal states that the first sentence of twelve months was imposed on the coming in of the verdict, there being no motion for new trial or appeal, the court inferred that no further resistance to the prosecution or conviction was intended, and in consideration of this fact, the sentence of twelve months was imposed, and that the lighter sentence would not have been given but for the fact that defendant had apparently acquiesced in the result and would not prosecute his appeal.

It is the accepted rule with us that within the limits of the sentence permitted by the law, the character and extent of the punishment is committed to the sound discretion of the trial court, and may be reviewed by this Court only in case of manifest and gross abuse. While the reasons for this change of sentence, and such a pronounced change, may not appear adequate or altogether satisfactory, we do not feel justified in holding as a conclusion of law that the judgment is erroneous within the meaning of the principle.

No error.