STATE v. J. I. PALMER.

(Filed 24 April, 1929.)

**1. Homicide C a—one killing another through reckless driving of automobile ·is guilty of manslaughter.**

One driving an automobile on a public highway while drunk, recklessly and in disregard of statutes for the regulation of, automobiles thereon, resulting in death to another, is guilty at least of manslaughter without reference to whether he intended to inflict injury or not.

**2. Same—Negligence of deceased does not excuse of guilt unless it was sole proximate cause.**

One may not be convicted for driving an automobile upon a public highway in violation of safety statutes when the negligence of the injured person is the sole proximate cause of the injury, but it is otherwise if the concurring negligence of both combined was the proximate cause.

**3. Same—If defendant's negligence causes death his later acts to avoid injury do not relieve him of guilt.**

Where the injury to another would not have occurred except for the criminal negligence of the defendant in violating the safety statutes regulating the operation of automobiles upon the public highway, he is not relieved of guilt by the fact that he did all that he reasonably could to avoid the injury at the time of the occurrence under the existing conditions, provided his inability to stop was due to his prior recklessness.

**4. Homicide C c—Evidence of reckless driving.**

Evidence that the defendant while driving on a public highway stopped at a filling station and came out with a bottle of whiskey, from which he took two or three drinks, and that later one of the passengers got out of the automobile because of fear of the defendant's reckless driving, is admissible as substantive evidence and also as corroborative of other evidence of his reckless driving in a prosecution for manslaughter.

APPEAL by defendant from *Shaw, J.*, at November Term, 1928, of DAVIDSON. No error.

The defendant was indicted with Otis Cross and Will Hargrave for the unlawful killing of one C. A. Misenheimer on ·13 October, 1928. Pending the trial a *nol. pros.* was entered as to the defendant Hargrave and a verdict of not guilty as to the defendant · Cross.

According to the evidence for the State the defendant on the night of 13 October, 1928, was driving a Dodge sedan about a mile south of Thomasville going in the direction of Lexington and the deceased was driving a Chrysler going towards Thomasville. The two cars met about 10 o'clock on a "rainbow curve." When the collision occurred the left front wheel of the Dodge sedan struck the left side of the Chrysler, knocked off the front wheel and left front door, and shattered the glass ·

on that side of the car. Misenheimer, who was driving the Chrysler, was killed and two other men who occupied the front seat with him were injured. The Chrysler was on the right-hand side of the black mark in the middle of the road; and after the collision it was seen that the left front wheel was about 12 inches over the pavement, the remainder of the car being off the pavement and on the shoulder of the highway. The left front wheel of the Dodge was down and the hub was in contact with the surface of the road. The Dodge car ran 23 feet after striking the Chrysler, turned over on the left side with the "top back towards Thomasville." Part of it was on the hard surface, the rear being off on the shoulder which was 5 or 6 feet wide. The defendant who was driving the Dodge car was under the influence of intoxicating liquor at the time of the collision and was running his car in disregard of certain statutory requirements.

There was evidence for the defendant tending to contradict the material circumstances on which the State relied for conviction. It is unnecessary to state more minutely the specific circumstances developed by the evidence. The defendant was found guilty of manslaughter, and from the judgment pronounced he appealed upon error assigned.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Phillips & Bower and Raper & Raper for defendant.*

ADAMS, J. The act regulating the operation of vehicles on the highways of this State provides among other things that it shall be unlawful for any person who is under the influence of intoxicating liquor or narcotic drugs to drive any vehicle upon a highway; that any person driving a vehicle on a highway shall drive it at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and to any other conditions then existing; that no person shall drive any vehicle upon a highway at such a rate of speed as to endanger the life, limb or property of any person. It is provided that no person shall drive a vehicle on a highway at a rate of speed in excess of 15 miles an hour in traversing or going around curves or traversing a grade upon a highway when the driver's view is obstructed within a distance of 200 feet along the highway in the direction in which he is proceeding; also that the driver of a vehicle shall not drive to the left side of the center line of a highway upon the crest of a grade or upon a curve in the highway, when such center line has been placed upon the highway by the State Highway Commission, and is visible. Public Laws 1927, ch. 148, art. 2, sec. 2, sec. 4(a), sec. 4(b), subsec. 4; sec. 13(d).

There was evidence for the State tending to show that the defendant had violated each of these provisions. In *S. v. Gray,* 180 N. C., 697, 700, it is said: "The principle is generally stated in the textbooks that "if one person causes the death of another by an act which is in violation of law, it will be manslaughter, although not shown to be wilful or intentional" (McClain Cr. L., Vol. 1, sec. 347), or that when life has been taken· in the perpetration of any wrongful or unlawful act, the slayer will be deemed guilty of one of the grades of culpable homicide, notwithstanding the fact that death was unintentional and collateral to the act done (13 R. C. L., 843) ; but on closer examination of the authority, it will be seen that the responsibility for a death is sometimes made to depend on whether the unlawful act is *malum in se* or *malum prohibitum,* a distinction noted and discussed in *S. v. Horton,* 139 N. C., 588. It is, however, practically agreed, without regard to this distinction, that if the act is a violation of a statute intended and designed to prevent injury to the person, and is in itself dangerous, and death ensues, the person violating the statute is guilty of manslaughter at least, and, under some circumstances, of murder.   The principle is recognized in *S. v. Horton, supra,* and in *S. v. Turnage,* 138 N. C., 569; *S. v. Limerick,* 146 N. C., 650, and *S. v. Trollinger,* 162 N. C., 620, and has been directly applied to deaths caused by running automobiles at an unlawful speed.  In 2 R. C. L., 1212, the author cites several authorities in support of the text that one who wilfully or negligently drives an automobile on a public street at a prohibited rate of speed, or in a manner expressly forbidden by statute, and thereby causes the death of another, may be guilty of homicide; and this is true, although the person who is recklessly driving the machine uses, as soon as he sees a pedestrian in danger, every effort to avoid injuring him, provided that the operator's prior recklessness was responsible for his inability to control the car and prevent the accident which resulted in the death of the pedestrian." This principle is maintained in *S. v. McIver,* 175 N. C., 761; *S. v. Gash,* 177 N. C., 595; *S. v. Rountree,* 181 N. C., 535; *S. v. Jessup,* 183 N. C., 771; *S. v. Sudderth,* 184 N. C., 753; *S. v. Crutchfield,* 187 N. C., 607; *S. v. Lutterloh,* 188 N. C., 412; *S. v. Trott,* 190 N. C., 674. It is perfectly manifest that under these conditions no error was committed in his honor's denial of the defendant's motion to dismiss the action.

On the afternoon preceding the collision the defendant in company with others left Caswell County and went in his car to Reidsville. They left Reidsville at 8 p.m. and after traveling two or three miles stopped at a filling station.  There was evidence tending to show that the defendant and another went into the filling station and upon their return to the car the defendant's companion had a pint of whiskey,

and that the defendant took two or three drinks. A witness testified that when the car arrived at Monticello he got out of it because he was frightened assigning as a reason therefor "a little too reckless, and a little too fast driving." The defendant excepted to the admission of this testimony; but it was competent as a circumstance which was both substantive and, as the record shows, corroborative of the testimony of other witnesses who said that the defendant was drunk.

The remarks of the solicitor in addressing the jury were his deduction from the evidence and the defendant's exception thereto is without merit.

The defendant excepted to the following instruction to the jury: "If you are satisfied beyond a reasonable doubt from the evidence that the defendant, Palmer, was guilty of culpable negligence as heretofore explained to you by the court, or criminal negligence, and that said criminal negligence was the proximate cause of the death of Misenheimer, why it will be your duty to convict the defendant. If you are satisfied beyond a reasonable doubt from the testimony that the defendant, Palmer, is guilty of criminal or culpable negligence as heretofore explained to you, and that Misenheimer was also guilty of negligence and that the negligence of Palmer and Misenheimer both concurred proximately in producing the death of Misenheimer, then it would be your duty to convict the defendant, Palmer." His Honor further instructed the jury as follows: "But, if you find from the evidence, gentlemen of the jury, that the defendant was guilty of culpable negligence and that Misenheimer was also guilty of negligence, and that Misenheimer's negligence was the proximate cause, sole proximate cause of his death, it will be your duty to acquit the defendant. If you have a reasonable doubt as to whether the defendant was guilty of culpable negligence as heretofore explained to you, it will be your duty to acquit him. Or if you are satisfied beyond a reasonable doubt that the defendant was guilty of culpable negligence, or criminal negligence, as heretofore explained to you, but have a reasonable doubt that such negligence was the proximate cause of the death of Misenheimer, it will be your duty to acquit the defendant. If you are satisfied beyond a reasonable doubt that the defendant is guilty of culpable negligence, and that the deceased, Misenheimer, was also guilty of negligence, and if you find that Misenheimer's negligence was the proximate cause, sole proximate cause of the death of Misenheimer, why then it will be your duty to acquit the defendant." These instructions were strictly in accord with the authorities. In 2 R. C. L., 1213, the principle is thus stated: "The rules of law concerning contributory negligence as a defense in civil actions for damages for personal injuries have no application to homicide cases for criminal negligence in operating an automobile. The decedent's behavior is admissible in

evidence, and may have a material bearing upon the question of the defendant's guilt, but if the culpable negligence of the latter is found to be the cause of the death, he is criminally responsible whether the decedent's failure to use due care contributed to the injury or not." This statement of the law has been followed by this Court in *S. v. Gray, supra,* and in *S. v. Oakley,* 176 N. C., 755.

In the trial of this case the defendant was given the advantage of every phase of the law to which he was entitled. We find

No error.