STATE v. HOWARD AGNEW.

(Filed 15 June, 1932.)

1. **Assault B a—In order to conviction of assault the State must prove intent or criminal negligence proximately causing injury.**

   Intent to inflict injury is an essential element of criminal assault, and in a prosecution therefor the State must prove such intent or criminal negligence equivalent in law to actual intent, and criminal negligence implies more than mere lack of due care, and where the State relies on the violation of a statute enacted for the public safety the State must prove the intentional or reckless violation of the statute and that such violation proximately caused the injury, and although intent may be presumed from the act, such presumption is not conclusive, and it is a question for the jury under proper instructions from the court.

2. **Same—State must prove intentional or reckless violation of traffic statute in order to convict auto driver of assault.**

   The intentional violation of a statute designed to protect life, or the violation of such statute with a reckless disregard of consequences or heedless indifference to the safety and rights of others under circumstances from which death or bodily injury could have been reasonably foreseen as a probable result, is criminal negligence and when the proximate cause of injury, is sufficient to constitute criminal assault, but in a prosecution for assault growing out of an automobile accident an instruction that the defendant would be guilty if he violated a traffic statute, if such violation proximately caused injury to another, is erroneous, and a new trial will be awarded.

CRIMINAL ACTION, before *Schenck, J.,* at January Term, 1932, of CABARRUS.

A warrant from the police court of the city of Concord was issued for defendant, charging that on or about 10 August, said defendant "did wilfully, maliciously and unlawfully assault the said D. B. Huskey with a deadly weapon, to wit, an automobile." The defendant was convicted and appealed to the Superior Court. The evidence tended to show that Huskey, witness for the State, was traveling in an automobile on Depot Street eastwardly toward Valley Street, intending to turn to his left into Valley Street. The defendant was traveling Depot Street in a westwardly direction and the cars of the defendant and State's witness collided at or near the intersection of Valley Street. The evidence tended to show that the defendant approached the intersection at an unlawful rate of speed and in violation of the statute, and that as a result of the act of defendant the automobile of witness, Huskey, collided with that of defendant and Huskey was thrown out of his car, sustaining physical injuries of apparently a minor nature. The verdict of the jury

was "guilty of simple assault." The judgment of the court was that the defendant pay a fine of $15.00, from which judgment. the defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Armfield, Sherrin & Barnhardt for defendant.*

BROGDEN, J. The exceptions relied upon by the defendant are taken to the following instructions given by the trial judge to the jury:

(a) "Also, gentlemen of the jury, the court calls your attention to a principle of law that wherever a man violates any law, which law is enacted for the purpose of protecting other people from injury, or protecting property from injury, and, as a result of that violation of law, he injures another, he is guilty of a battery, and if the battery should produce death he would be guilty of at least manslaughter. In our State, gentlemen of the jury, we have a number of statutes enacted by the Legislature for the purpose of protecting the lives and limbs of those people who use the highways. These statutes are enacted to govern the use of automobiles upon the highway, spoken of frequently as the traffic regulations, and wherever one of these traffic regulations that are enacted for the purpose of protecting life or limb on the highways is violated, and, as a result of that violation, some one is injured, the person who violates the law is guilty of a battery, and if he kills some one in such violation, he is guilty of manslaughter."

(b) "Now, the court charges you as a matter of law that, if you do find, and find beyond a reasonable doubt, that Agnew did violate the traffic laws, and you further find, and find beyond a reasonable doubt, that that violation of the traffic law by Agnew was the proximate cause of the injury to Huskey, then it would be your duty to return a verdict of guilty."

The defendant asserts that the foregoing instructions were erroneous for the reason that they declare the rule of civil liability in an action for damages rather than the rule of criminal liability upon an indictment for assault or assault with a deadly weapon. The decided cases are to the effect that if admitted or proven facts constitute an assault or assault with a deadly weapon, the same state of facts constitutes the crime of manslaughter if death ensues as a proximate result. *S. v. Leary,* 88 N. C., 615; *S. v. Sudderth,* 184 N. C., 753, 114 S. E., 828. Also, it must be conceded that there is authority in this State supporting the instructions given to the jury by the trial judge. *S. v. Gash,* 177 N. C., 595, 99 S. E., 337. However, there are many decisions indicating that there is still a difference between civil and criminal liability for

injuries proximately caused by a violation of statutes designed and intended to protect and safeguard human life. For example, in *S. v. Mc-Iver,* 175 N. C., 761, 94 S. E., 682, the Court said: "The negligence must be something more than is required on the trial of an issue in a civil action, but it is sufficient to be submitted to a jury in a criminal prosecution if it is likely to produce death or great bodily harm, and in this case the defendant could reasonably anticipate meeting some one at the crossing, and to approach it at a rate of speed twice that allowed by the State statute and four times that allowed by the ordinance without reducing the speed and without signal is evidence of recklessness which justified submitting the question of guilt to the jury." Subsequently in *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669, the Court said: "The degree of negligence necessary to be shown on an indictment for manslaughter, where an unintentional killing is established, is such recklessness or carelessness as is incompatible with proper regard for human life. Again in *S. v. Palmer,* 197 N. C., 135, 147 S. E., 817, the Court approved the following instruction to the jury: "If you are satisfied beyond a reasonable doubt from the evidence that the defendant, Palmer, was guilty of culpable negligence as heretofore explained to you by the court, or criminal negligence, and that said criminal negligence was the proximate cause of the death of Meisenheimer, it would be your duty to convict the defendant." Pursuing the discussion in the opinion, it is declared: "It is, however, practically agreed, without regard to the distinction between offenses *malum prohibitum* or *malum in se* that if the act is a violation of a statute intended and designed to prevent injury to the person, and is in itself dangerous, and death ensues, the person violating the statute is guilty of manslaughter at least, and, under some circumstances, of murder." The same idea was expressed in *S. v. Gray,* 180 N. C., 697, 104 S. E., 647, in these words: "He was very careful to distinguish between negligence occasioning damage out of which arises a civil action and that reckless disregard of human life which constitutes a crime," etc. See *S. v. Sudderth,* 184 N. C., 753, 114 S. E., 828; *S. v. Lutterloh,* 188 N. C., 412, 124 S. E. 752; *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155.

Manifestly, the question of law presented by the exceptions is: What must the State show in order to make out a prima facie case of assault or assault with a deadly weapon or manslaughter resulting from an automobile collision when the automobile is being operated by a defendant in violation of a statute designed and intended to protect and safeguard human life?

The common law concept of assault was expressed by *Gaston, J.,* in *S. v. Davis,* 23 N. C., 126, as follows: "An assault is an intentional

attempt, by violence, to do an injury to the person of another. It must be *intentional*—for, if it can be collected, notwithstanding appearances to the contrary, that there is not a present purpose to do an injury, there is no assault. . . . The intention as well as the act makes an assault." This definition was approved in *S. v. Hemphill,* 162 N. C., 632, 109 S. E., 834, where it is said: "There must be an intent to injure . . . though this intent may be inferred by the jury from the act, and when the act itself is unlawful, the intent is immaterial or will be presumed."

Obviously the intentional violation of a statute designed and intended to protect life is a criminal act within the contemplation of law, and upon indictment and conviction therefor, subjects the offending party to punishment for the wrong done thereby to society in general. In such event the State would make out a prima facie case by offering proof of such violation sufficient to convince the jury beyond a reasonable doubt. But if the State undertakes to establish a crime resulting in injury to a specific person, it must offer proof which convinces the jury beyond a reasonable doubt that there was an intent to inflict injury or that such injury was proximately caused by criminal negligence. In such event, criminal negligence imports a reckless disregard of consequences, or heedless indifference to the safety and rights of others and must be such that the guilty party could have reasonably foreseen that death or bodily injury would be the probable result thereof. That is to say, if the jury should find beyond a reasonable doubt that the defendant intentionally violated a statute, designed to protect life, and should further find beyond a reasonable doubt that such violation was the proximate cause of the injury or death, then the defendant would be guilty. Or if the jury should find beyond a reasonable doubt that the defendant violated such a statute and such violation evinced or disclosed a reckless disregard of consequences, or heedless indifference to the rights of others, and that the defendant could have reasonably foreseen that death or bodily injury would probably result therefrom, then such violation would constitute criminal negligence, and if the jury should further find beyond a reasonable doubt that such criminal negligence was the proximate cause of the injury or death, the defendant would be guilty.

In cases of the instant type, intent, or its equivalent, that is, reckless disregard of consequences or heedless indifference of the rights of others, is still a necessary element of criminal responsibility. While, of course, in such cases intent may be presumed from the act itself, notwithstanding such presumption is not conclusive or irrebuttable. The case must be submitted to the jury with proper instructions from the trial judge.

ELIZABETH CITY v. GREGORY; GREGORY v. ELIZABETH CITY.

Therefore, in order to warrant conviction in cases of assault, assault with deadly weapon or manslaughter growing out of automobile collision, involving the breach of a statute, the State must offer proof of requisite degree that the injury was intentional or the proximate result of criminal negligence. The exceptions of the defendant to the instructions given are sustained.

New trial.