STATE v. ALFRED HORACE EASON.

(Filed 13 April, 1955.)

**1. Arrest § 3—**

An indictment charging defendant with resisting, delaying and obstructing a public officer in the performance of his official duties must identify the officer by name and indicate the official duty he was discharging or attempting to discharge, and should point out in a general way, at least, the manner in which defendant is charged with having resisted, delayed or obstructed such public officer. G.S. 14-223.

**2. Indictment and Warrant § 9—**

Ordinarily an indictment for a statutory offense is sufficient if it is framed upon the statute and charges the offense in the language of the act, and unless the exact time and place of the alleged occurrence are essential elements of the offense itself, defendant must move for a bill of particulars if he desires more definite information in respect thereto. G.S. 15-143.

**3. Same—**

If the words of a statute do not charge the essential elements of the offense in a plain, intelligent and explicit manner, an indictment charging the offense in the language of the statute is defective, it being necessary in such instances that the words of a statute be supplemented by allegations which explicitly and accurately set forth each element of the offense, G.S. 15-153.

**4. Criminal Law § 56—**

Where motion in arrest of judgment is allowed for a fatal defect in the indictment, defendant is not entitled to his discharge, but is subject to further prosecution if the solicitor so elects.

**5. Automobiles § 30½ —**

An indictment for driving upon a public highway of the State without lights during the period from a half hour after sunset to a half hour before sunrise, is sufficient if it follows the language of the statute, G.S. 20-129. G.S. 20-176 (b).

**6. Criminal Law § 62f—**

The court may not suspend execution of its judgment upon prescribed conditions without the consent of the defendant, express or implied.

**7. Assault § 10—**

An indictment charging that defendant unlawfully and willfully did assault a named person with a deadly weapon, "to-wit: a certain automobile and some hard substance to the great damage" of the said person, is sufficient to charge assault with a deadly weapon.

**8. Criminal Law § 56—**

A judgment may be arrested only for some error or defect appearing upon the face of the record.

**9. Automobiles § 28a—**

The operator of an automobile who either with actual intent, or culpable negligence from which such intent may be implied, injures another, is guilty of assault with a deadly weapon regardless of whether the vehicle strikes the injured person or the vehicle in which such person is riding, and when death ensues, is guilty of manslaughter at least.

**10. Same: Assault § 8d—**

The evidence considered in the light most favorable to the State tended to show that defendant willfully and intentionally used the automobile which he was driving as a means for causing an officer lawfully on the running board or side of the car to be thrown therefrom while the car was in motion, so that death or great bodily injury to the officer was likely under the circumstances. *Held:* The automobile was a deadly weapon under the facts and the evidence supports a conviction of assault with a deadly weapon.

**11. Criminal Law § 48c—**

A general objection to the admission of testimony which is competent for the purpose of corroboration, cannot be sustained.

**12. Criminal Law § 81c (3)—**

Objection to the admission of testimony cannot be sustained when defendant thereafter testifies to the same import.

**13. Arrest § 1b—**

A highway patrolman has legal authority to stop the operator of a motor vehicle for the purpose of determining whether he is operating the car in violation of any of the penal provisions of Art. 3, G.S. 20, and may arrest

any driver on sight whom he sees violating any of such provisions, such as driving without lights, G.S. 20-129.   G.S. 20-183.

**14. Assault § 13:  Automobiles § 28e—Evidence held sufficient to support verdict of assault with a deadly weapon.**

The evidence considered in the light most favorable to the State tended to show that a highway patrolman attempted to stop or arrest defendant for operating a motor vehicle without lights at nighttime, and got upon the running board or side of defendant's car, that defendant knew the officer and knew he was a patrolman, saw him in uniform within the range of his lights and recognized him, knew that he himself had been violating the motor vehicle law, and to avoid being stopped or arrested, willfully and intentionally drove or struck the officer so as to cause the officer to be thrown from the car.  *Held:* The evidence is sufficient to be submitted to the jury on the charge of assault with a deadly weapon.

**15. Criminal Law § 79—**

Assignments of error not supported by any reason, argument, or authority cited in the brief are deemed abandoned.

**16. Criminal Law § 81c (5)—**

Where one judgment is pronounced upon conviction on each of two indictments, consolidated for trial, and the judgment is arrested as to one of the indictments, the cause will be remanded for proper judgment relating to the verdict in the other case.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Martin, Special J.,* November Term, 1954, of PITT.

The two bills of indictment, upon which this criminal prosecution was based, charge that defendant, on 7 May, 1954, in Pitt County, "unlawfully and willfully," did commit alleged criminal offenses, viz.:

Indictment #5222, a single count, "assault, beat and wound one W. E. Whitehurst with a deadly weapon, to-wit:  a certain automobile and some hard substance to the great damage of the said W. E. Whitehurst."

Indictment #5223, in the first count, "drive a motor vehicle upon the public highways without lights during the period from one-half hour after sunset to one-half hour before sunrise"; and in the second count, "resist, delay and obstruct a public officer, to wit:  a North Carolina Highway Patrolman in the performance or attempted performance of his duty."

The two cases were consolidated for trial.  The jury returned a general verdict of guilty as charged.

Judgment was pronounced as follows:  Indictment #5222 and the second count of indictment #5223 were consolidated for judgment; and for the offenses charged therein a prison sentence of one year was imposed.  For the offense charged in the first count of indictment #5223,

driving without lights, a prison sentence of thirty days was imposed, to begin upon expiration of the one-year sentence, which thirty-day sentence was suspended "for a period of one year upon condition that the defendant pay a fine of $25.00, and the cost of the action."

Defendant appealed, assigning as error (1) the denial of his motions in arrest of judgment, (2) the denial of his motions for judgment of nonsuit, (3) rulings on evidence, and (4) portions of the charge.

*Attorney-General McMullan and Assistant Attorney-General Love for the State.*

*C. W. Beaman for defendant, appellant.*

Bobbitt, J. The second count in indictment #5223, which purports to charge a violation of G.S. 14-223, is fatally defective. While it refers to "a North Carolina Highway Patrolman," it does not identify him by name or indicate the official duty he was discharging or attempting to discharge, nor does it point out even in a general way the manner in which the defendant is charged with having resisted or delayed or obstructed such public officer. Defendant's motion in arrest of judgment as to this count should have been allowed. *S. v. Raynor,* 235 N.C. 184, 69 S.E. 2d 155; *S. v. Thorne,* 238 N.C. 392, 78 S.E. 2d 140; *S. v. Jenkins,* 238 N.C. 396, 77 S.E. 2d 796; *S. v. Scott,* 241 N.C. 178, 84 S.E. 2d 654.

"An indictment for an offense created by statute must be framed upon the statute, and this fact must distinctly appear upon the face of the indictment itself; and in order that it shall so appear, the bill must either charge the offense in the language of the act, or specifically set forth the facts constituting the same." *Barnhill, J.* (now *C. J.*), in *S. v. Jackson,* 218 N.C. 373, 11 S.E. 2d 149, 131 A.L.R. 143; *S. v. Sumner,* 232 N.C. 386, 61 S.E. 2d 84. Unless the exact time and place of the alleged occurrence are essential elements of the offense itself, a defendant may obtain further information in respect thereto by motion for a bill of particulars. G.S. 15-143.

But an indictment following substantially the language of the statute is sufficient *only when it thereby charges* the essential elements of the offense "in a plain, intelligible and explicit manner." G.S. 15-153. If the statutory words fail to do this, they "must be supplemented in the indictment by other allegations which explicitly and accurately set forth every essential element of the offense with such exactitude as to leave no doubt in the minds of the accused and the court as to the specific offense intended to be charged." *Parker, J.,* in *S. v. Greer,* 238 N.C. 325, 77 S.E. 2d 917.

The second count in indictment #5223, being fatally defective, judgment thereon is arrested. This does not bar further prosecution for a

violation of G.S. 14-223, if the Solicitor deems it advisable to proceed on a new bill. *S. v. Miller,* 231 N.C. 419, 57 S.E. 2d 392; *S. v. Greer, supra.*

In contrast to the second count in indictment #5223, the first count of said indictment, by following substantially the language of the statute, charges the essential elements of the offense "in a plain, intelligible and explicit manner." G.S. 15-153. The charge is that defendant drove a motor vehicle upon the public highway *without lights* during the period from a half hour after sunset to a half hour before sunrise. Such conduct is in violation of G.S. 20-129 and punishable as prescribed in G.S. 20-176 (b). It is noteworthy that we are not here concerned with lights which in some particular fail to comply with statutory requirements. The charge here is that defendant had *no lights.* The State's evidence directly and positively supports this charge. Indeed, defendant's evidence supports it.

As to the first count in indictment #5223, defendant's motions in arrest of judgment and for nonsuit were properly overruled. Other errors assigned do not concern this count. The verdict thereon will stand. Even so, the judgment thereon is stricken and the cause remanded for proper judgment on the verdict as to this count. The court may suspend execution of its judgment upon prescribed conditions only with the defendant's consent, express or implied. Here defendant did not consent. He excepted and appealed. *S. v. Cole,* 241 N.C. 576, 86 S.E. 2d 203.

Indictment #5222 sufficiently charges a criminal offense, to wit, that defendant unlawfully and willfully did "assault, beat and wound one W. E. Whitehurst with a deadly weapon, to-wit: a certain automobile and some hard substance to the great damage of the said W. E. Whitehurst."

Since a judgment may be arrested only for some error or defect appearing on the face of the record, the motion therefor was properly denied. *S. v. Grace,* 196 N.C. 280, 145 S.E. 399; *S. v. McKnight,* 196 N.C. 259, 145 S.E. 281. Hence, our inquiry concerns defendant's motion for nonsuit as to the charge in indictment #5222.

There was evidence for the State tending to show the following facts.

1. About 10:45 p.m., W. E. Whitehurst, a State Highway Patrolman in uniform, was operating a Patrol car in Winterville, Pitt County. Preston Hardy, Chief of Police in Winterville, and Rick Jackson, Township Constable, were in the back seat of the Patrol car.

2. Observing a car being operated (by defendant) without lights, Whitehurst drove to and stopped at a railroad crossing where he would be in position to head off defendant's car. The Patrol car was then headed north, with headlights burning. About thirty feet before reach-

ing the railroad crossing, defendant turned his lights on the railroad track and stopped.  Defendant was headed west, with lights burning.

3. Whitehurst, who then recognized defendant, stepped out of the Patrol car, and "walked up in front of him," *i.e.*, the defendant.  Defendant's car started up and was moving slowly as it approached Whitehurst.  As it came closer, Whitehurst stepped back "about two steps."  When the front of defendant's car had passed him, still "barely moving," Whitehurst opened the left front door of defendant's car. When he did this, defendant "took off" at a fast rate of speed, causing Whitehurst to fall up against defendant's car.

4. Whitehurst managed to get on the running board or side of defendant's car, tried to get his foot on the clutch, and did manage to get his hand on the steering wheel.  The car was headed down the ditch on the right side of the road.  He told defendant to stop the car.  Instead, defendant struck Whitehurst's hand, then on the steeling wheel, causing him to turn loose; then Whitehurst grabbed for the horn ring, which broke; defendant's car then swerved to the left side, then to the right, then to the left, getting up more speed, causing a great cloud of dust. After traveling some two blocks, Whitehurst was thrown from his precarious position on the left side of defendant's car.  He was confined to his home on account of injuries so received for a week and a half.

5. There was another person in the car with defendant, but the State's witnesses could not say whether it was a man or woman.  Such person was a passenger, seated to defendant's right.

There was evidence for defendant tending to show the following facts.

1. The person with him was Mrs. Angeline Croom, a defense witness. At first she had been riding with him, in his own car, which he drove to the home of Onnie Cannon, a colored man.  According to defendant's testimony, he parked and left his car right in front of Cannon's house. After a conversation with Cannon, he got Cannon's car, backed it out, and drove it up beside his own car and stopped.  There Mrs. Croom got in with him.  He was driving Cannon's car when the incident occurred.

2. Admitting that he drove along the street a short distance without lights, defendant's explanation was that he couldn't find the light switch on Cannon's car.

3. When the incident occurred, according to defendant's testimony, he didn't know the car was a Patrol car or that the man who opened the door and jumped on his car was an officer.  There was evidence that defendant had previously stated that he thought he was being robbed. Defendant testified: "I did not know who it was, and so I tried to knock him off, and I knocked him out of the car and kept going."

4. Defendant testified further: "He (Whitehurst) has stopped me many a-time.  That's the first time he ever jumped on my car."

The operator of a motor vehicle may be convicted of an assault with a deadly weapon when, by means thereof, he strikes and injures a person, provided there is either (1) an actual intent to inflict injury, or (2) culpable or criminal negligence from which such intent may be implied. *S. v. Sudderth,* 184 N.C. 753, 114 S.E. 828, 27 A.L.R. 1180; *S. v. Agnew,* 202 N.C. 755, 164 S.E. 578; 5 Am. Jur. 914, Automobiles, sec. 763; Annotation: 99 A.L.R. 756 (835). This is true whether the motor vehicle strikes the person of the victim or the vehicle in which he is riding. 61 C.J.S. 689, Motor Vehicles, sec. 597 (b); *S. v. Sudderth, supra.*

When these conditions exist, and death ensues the injury so inflicted, the actor is guilty of manslaughter at least. *S. v. Stansell,* 203 N.C. 69, 164 S.E. 580. As stated by *Brogdon, J.:* "The decided cases are to the effect that if admitted or proven facts constitute an assault or assault with a deadly weapon, the same state of facts constitutes the crime of manslaughter if death ensues as a proximate result. *S. v. Leary,* 88 N.C. 615; *S. v. Sudderth,* 184 N.C. 753, 114 S.E. 828." *S. v. Agnew, supra.*

Where death to an occupant of a car proximately results from the driver's culpable negligence, such driver is guilty of manslaughter. *S. v. Whaley,* 191 N.C. 387, 132 S.E. 6.

In *S. v. McLean,* 234 N.C. 283, 67 S.E. 2d 75, a conviction of involuntary manslaughter was upheld. There the deceased, with the knowledge and acquiescence of defendant, was riding, "squatting," on the left running board of defendant's car; and by reason of defendant's culpable negligence deceased was caught between defendant's car and an approaching car, thrown to the highway and fatally injured.

Conceding that a defendant in such case may be guilty of manslaughter, does it necessarily follow that, where the injury does not result in death, the automobile so used is a deadly weapon? We need not deal now with a situation where a person in or on the car is unintentionally caused to be thrown therefrom or otherwise injured by the driver's culpable negligence. In this case, the evidence, considered in the light most favorable to the State, was sufficient to support a jury finding that defendant willfully and intentionally used the automobile as a means of causing Whitehurst to be thrown therefrom under circumstances such that it was an instrument likely to produce death or great bodily harm. If so, it was a deadly weapon. *S. v. Perry,* 226 N.C. 530, 39 S.E. 2d 460, and cases cited.

The fact that defendant's primary purpose may have been to get rid of Whitehurst is immaterial on this phase of the case. Nor do we think the fact that defendant was also attempting to "knock" Whitehurst from the car is inconsistent with his willful and intentional use of the

car itself as a primary means of causing Whitehurst to be thrown therefrom.

Careful consideration of assignments of error directed to rulings on evidence does not disclose prejudicial error. Only general objections were interposed to the testimony offered as corroborative of Whitehurst's testimony. *S. v. Cole, supra,* and authorities cited. Defendant's objections to the testimony of Whitehurst, that he had with him for service on defendant "a revocation to pick up his driver's license," appear to have been sustained. In any event, any prejudicial effect of this testimony was erased when defendant testified that his driver's license had been revoked for transporting whiskey.

Did Whitehurst have authority to stop and arrest defendant? If so, was defendant aware of the fact that the man attempting to stop him was an officer?

G.S. 20-183 provides: "Duties and powers of law enforcement officers.—It shall be the duty of the law enforcement officers of the State and of each county, city, or other municipality to see that the provisions of this article are enforced within their respective jurisdictions, and any such officer shall have the power to arrest on sight or upon warrant any person found violating the provisions of this article. Such officers within their respective jurisdictions shall have the power to stop any motor vehicle upon the highways of the State for the purpose of determining whether the same is being operated in violation of any of the provisions of this article."

There can be no question but that defendant was guilty of violating G.S. 20-129, *i.e.,* driving without lights, one of the provisions of the article referred to in G.S. 20-183. (G.S. ch. 20, Art. 3.) He was "found violating" G.S. 20-129, not only by the officers but also by the jury. His own testimony is that he drove without lights. In any event, the circumstances were such that the officer, Whitehurst, had the legal authority to stop defendant for the purpose of determining whether he was operating his car in violation of any of the provisions of said article.

The evidence, considered in the light most favorable to the State, was sufficient to warrant a jury finding that defendant (1) knew Whitehurst, (2) knew he was a State Highway Patrolman, (3) saw him in uniform within the range of his lights and the lights of the Patrol car and recognized him, (4) knew that he (defendant) had been violating the motor vehicle law; and determined, for reasons of his own, to avoid being stopped or arrested, and by means of his automobile and otherwise willfully and intentionally caused Whitehurst to be thrown therefrom and injured.

For the reasons stated, defendant's assignments of error, based on the court's denial of his motions for judgment of nonsuit, are overruled.

No reason or argument is stated and no authority cited in defendant's brief in support of his assignments of error relating to the charge. Hence, they are deemed abandoned. *S. v. Cole, supra,* and authorities cited. Indeed, defendant's brief, in stating the questions for decision, does not refer to any of the assignments of error to the charge.

For the reasons stated, we find no error in the verdict rendered on indictment #5222. It will stand.

The second count in indictment #5223, and indictment #5222, were consolidated for judgment; and one judgment was pronounced on the two convictions. Judgment having been arrested as to the second count in indictment #5223, the cause will be remanded for proper judgment relating only to the verdict as to indictment #5222. *S. v. Braxton,* 230 N.C. 312, 52 S.E. 2d 895.

Error and remanded as to Indictment #5222.

Error and remanded as to Indictment #5223, first count.

Judgment arrested as to Indictment #5223, second count.

BARNHILL, C. J., took no part in the consideration or decision of this case.