206 So.2d 30 (1968)
George McCULLERS, Appellant,
v.
STATE of Florida, Appellee.
No. 1165.
District Court of Appeal of Florida. Fourth District.
January 17, 1968.
Rehearing Denied February 7, 1968.
*31 Charles A. Sullivan, of Sullivan & Burch, Vero Beach, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, Charles W. Musgrove and James T. Carlisle, Asst. Attys. Gen., Vero Beach, for appellee.
CROSS, Judge.
The defendant-appellant, George McCullers, by information, was charged with the offense of manslaughter by culpable negligence, tried by a jury, found guilty of aggravated assault and adjudged guilty by the court with imposition of sentence. It is from this judgment and sentence defendant now appeals.
The pertinent part of the information charges
"* * * that GEORGE McCULLERS, on the 27th day of June, one thousand nine hundred and sixty-six in the County of Indian River and State of Florida, did then and there unlawfully and by culpable negligence, in driving an automobile, but without intent to murder, kill BILLIE MARIE JENKINS in said county by causing his said automobile, to collide with another automobile, in which said other automobile the said BILLIE MARIE JENKINS was then and there sitting and driving; contrary to the form of Statute in such case made and provided, *32 and against the peace and dignity of the State of Florida."
In charging the jury the trial judge, over objection of the defendant, gave an instruction that the offense of aggravated assault was a lesser included offense of the crime of manslaughter by culpable negligence. On appeal defendant contends as his primary attack that the offense of aggravated assault is not a lesser included offense of the crime of manslaughter by culpable negligence.
Our approach to this question necessitates the examination of the procedure contemplated by our Florida Statutes in such cases. It also involves the need for a workable definition of what would be considered "a lesser included offense." Chapter 919 of the Florida Statutes 1965, F.S.A. entitled "Conduct of Jury" contains a section which is of critical import to the instant situation.[1]
This section of the Florida Statutes is unambiguous and conveys clearly its meaning. It is a mandatory direction to give instructions to the jury on all offenses which are necessarily included in the offense charged.
The question now arises as to what is "a lesser included offense" within the meaning of Section 919.16, F.S. 1965, F.S.A. The test for a determination that an offense is "a lesser included offense" is that if all the elements of a separate offense are present with others in an offense charged in an information or indictment, such separate offense is a lesser included offense; or, where all the elements of an offense are included among the elements of a charged offense, the former is a lesser included offense.
To determine the matter before us we must compare Section 782.07, F.S. 1965, F.S.A.[2] and Section 784.04, F.S. 1965, F.S.A.,[3] and then by a process of inclusion and exclusion determine those elements common and those not common, and if the greater offense includes all the legal and factual elements it may be safely said that the greater includes the lesser; if, however, the lesser offense requires the inclusion of some necessary element or elements in order to cover the completed offense not so included in the greater offense, then it may be safely said that the lesser is not necessarily included in the greater.
Our statute defining manslaughter is of ancient origin. However, after the advent of the motor vehicle, this statute became applicable to those cases where the death of a human being was caused by culpable negligence of the operator of the vehicle. Earlier cases dealing with the crime took the view that intent was not an essential element of the statutory offense of manslaughter when committed by culpable negligence. Kent v. State, 1907, 53 Fla. 51, 43 So. 773. In later cases it has been held *33 that in statutory manslaughter the element of criminal intent ordinarily requisite to a crime has been supplanted by the statutory element of culpable negligence. Pitts v. State, 1938, 132 Fla. 812, 182 So. 234; Hulst v. State, 1936, 123 Fla. 315, 166 So. 828.
"Culpable negligence" as used in the manslaughter statute means negligence of a gross and flagrant character evincing a reckless disregard of human life or the safety of persons exposed to its dangerous effects, or that entire want of care which would raise the presumption of indifference to consequences; or which shows such wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them. Carraway v. Revell, Fla.App. 1959, 112 So.2d 71; Cannon v. State, 1926, 91 Fla. 214, 107 So. 360.
The case law of our state that has been developed by the courts distinguishes between the offense of an assault and the offense of a battery. Goswick v. State, Fla. 1962, 143 So.2d 817. The definition of assault as a tort and assault as a crime is quite different. We find the tort of assault defined as any intentional unlawful offer of corporal injury to another by force, or force unlawfully directed toward the person of another under such circumstances as to create a well founded fear of imminent peril coupled with the apparent present ability to effectuate the attempt if not prevented. Winn & Lovett Grocery Co. v. Archer, 1936, 126 Fla. 308, 171 So. 214. The Florida Supreme Court has defined the crime of assault as an intentional attempt by violence to do injury to the person of another. Bailey v. State, 1918, 76 Fla. 230, 79 So. 639.
The bulk of jurisdictions define criminal assault as an apparent attempt to inflict a battery, or bodily contact, or harm upon another. I Wharton, Criminal Law, § 329, and cases cited therein.
A criminal assault may be made upon a person even though he had no knowledge of the fact at the time. Perkins Criminal Law, 88-89 (1957), see cases cited at n. 62. It should be noted that herein lies the distinction between assault as a crime and assault as a tort. If the intended victim is unaware of the attempt, he has suffered no harm and is not entitled to compensation for the tort committed against him. Restatement, Torts 2d, § 22. However, a criminal assault is an offense against the peace and dignity of the state as well as an invasion of private rights.
At common law there were no degrees of the offense of assault and the term "aggravated assault" had no technical or definite meaning. Certain assaults, however, are committed under such circumstances or are so dangerous that the legislature has seen fit to set them apart as the more serious offense of aggravated assault. An aggravated assault differs from a simple assault on the basis that there is added one additional element  with a deadly weapon.
An aggravated assault as defined by the above statute requires a general intent and not a specific criminal intent. 1 Wharton, Criminal Law and Procedure at 716. The gist of the crime is found in the character of the weapon with which the assault is made. The use of a deadly weapon must be charged and proved. It is the nature of the weapon that characterizes the assault as "aggravated." Lindsey v. State, 1914, 67 Fla. 111, 64 So. 501; Knight v. State, 1902, 44 Fla. 94, 32 So. 110.
In the case of Williamson v. State, 1926, 92 Fla. 980, 111 So. 124, 53 A.L.R. 250, the Florida Supreme Court held that an automobile could be so used as to constitute a deadly weapon within the meaning of Section 5061, R.G.S. (1920), defining an aggravated assault. This statute was the predecessor of Section 784.04, F.S. 1965, F.S.A.
*34 In manslaughter by culpable negligence the element of attempting to inflict a battery or bodily contact or harm upon another is present. The intent element is supplanted by the willful and reckless disregard of others. The actor's conduct imputes to him the intention to do what in fact he does do. Under the purview of Section 782.07, F.S. 1965, F.S.A. manslaughter, imparts a lack of premeditation.
An aggravated assault differs from a simple assault only by the additional element of requiring the assault to be committed with a deadly weapon. As previously stated, a motor vehicle may be so used as to constitute a deadly weapon. The crime of aggravated assault requires only a general, not a specific, intent. Also aggravated assault as set forth in Section 784.04, F.S. 1965, F.S.A. imparts the element of without intent to kill.
Comparing the two statutes it can readily be determined that one who is indicted or informed against for the crime of manslaughter by culpable negligence may be convicted for the lesser offense of aggravated assault. Authorities from other jurisdictions so hold.[4]
We therefore determine that (a) the crime of manslaughter by culpable negligence in which there was involved the use of a deadly weapon necessarily includes the crime of aggravated assault; (b) that the information set forth sufficient facts to include the lesser offense; and (c) that the trial court committed no error in its instruction to the jury.
The remaining points raised by the defendant on appeal have been considered and determined to be without merit. Accordingly, the judgment of the trial court is affirmed.
Affirmed.
WALDEN, C.J., and REED, J., concur.
NOTES
[1] Section 919.16 F.S. 1965, F.S.A. Conviction of attempt; conviction of included offense  Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard. (Emphasis added.)
[2] Section 782.07, F.S. 1965, F.S.A. Manslaughter.  The killing of a human being by the act, procurement or culpable negligence of another, in cases where such killing shall not be justifiable or excusable homicide nor murder, according to the provisions of this chapter, shall be deemed manslaughter, and shall be punished by imprisonment in the state prison not exceeding twenty years, or imprisonment in the county jail not exceeding one year, or by fine not exceeding five thousand dollars.
[3] Section 784.04, F.S. 1965, F.S.A. Aggravated assault.  Whoever assaults another with a deadly weapon, without intent to kill, shall be guilty of an aggravated assault, and shall be punished by imprisonment in the state prison not exceeding five years or in the county jail not exceeding one year or by fine not exceeding three thousand dollars, or by both such fine and imprisonment.
[4] See State v. Stansell, 1932, 203 N.C. 69, 164 S.E. 580; Winkler v. State, 1929, 45 Okla. Cr. 322, 283 P. 591; State v. Leary, 88 N.C. 615; Bleiweiss v. State, 1918, 188 Ind. 184, 119 N.E. 375, 122 N.E. 577; State v. Agnew, 1932, 202 N.C. 755, 164 S.E. 578; State v. Sudderth, 1922, 184 N.C. 753, 114 S.E. 828, 27 A.L.R. 1180; 99 A.L.R. 756, 835.