JOHNSON, Judge.
This is an appeal from a judgment and sentence based upon a jury verdict of guilty of murder in the second degree, in which the sentence was an indeterminate term of imprisonment of not less than six months nor more than twenty years.
The appellant had been indicted by a grand jury charging him with murder in the first degree.
At trial, appellant did not submit any evidence; but at the conclusion of the State’s testimony, did make a motion for judgment of acquittal, which was denied, and the case went to the jury upon the testimony submitted by the State, after arguments by respective counsel, and charges given by the trial court to the jury. After conviction, a motion for a new trial was denied, hence this appeal.
Inasmuch as the points on appeal which are determinative of our decision in this case do not involve the sufficiency or lack of sufficiency of evidence in support of the verdict, we will summarize very briefly only enough of the evidence and the trial proceedings preceding the instructions to the jury, as we deem necessary to lend sequency to our opinion.
On New Year’s Eve, December 31, 1969, at, in or near a bar in Volusia County, Florida, some trouble arose between the appellant and the deceased in this case, which culminated in the appellant shooting the deceased, causing his death. There was some evidence which tended to support the theory that the shooting was not intentional, but that the intent of appellant was to hit the deceased with the pistol instead of shooting. This was the claim of appellant as shown from the questions propounded on cross-examination to the State’s witnesses. Inasmuch as this case is to be remanded for a new trial, we will not further dwell on the questions of fact and evidence.
We now come to the points on appeal, as raised by assignments of error numbered 3 and 5, and 4 and 5, which charge error by the trial court in failing to explain or define to the jury the technical meaning of certain essential elements of the two crimes which were included in the indictment as lesser included offenses, to wit: the meaning of the words “evincing a depraved mind”, as embraced in the charges of second degree murder, and the words “culpable negligence” as embraced in the charge of manslaughter.
The instructions to the jury by the trial court in defining murder in the second degree, merely tracked the statute (F.S. § 782.04(2), F.S.A.), in which the technical words “evincing a depraved mind” were used without defining to the jury just what said words meant or without giving the jury some guidelines or examples of what was the common understanding of these words. We think this was error on the part of the trial court, and we will give our reasons for so thinking hereinbelow.
Also, in the instruction to the jury as to the lesser included offense of manslaughter, the court again tracked the statute (F.S. § 782.07, F.S.A.) wherein there appeared as essential elements of the crime, the words “culpable negligence”. No further explanation of these technical terms was made. This, we think, was error, also, and base our opinion on the citations of law hereinbelow.
*199 First, the recommended Standard Jury Instructions, as promulgated by the Supreme Court of Florida, as the same relates to the offense of murder in the second degree, in addition to substantial tracking the statute, goes further in explaining what is meant by the terms “evincing a depraved mind”, and giving some commonly understood examples of said terms or words. The standard instruction to the jury was the culmination of extensive work by the Supreme Court Committee on Standard Jury Instructions in Criminal Cases, which Committee was composed of many very able jurists and trial attorneys. Any substantial deviation from use of these instructions will almost always end in error on the part of the trial court. In the case sub judice, the failure to follow the instruction given without some explanation or definition of the terms used, left to the individual juror the question of just what was said juror’s definition of the words in question. The words, “evincing a depraved mind” and “culpable negligence” are not such as are commonly used in every day life and conversation. The individual jurors could therefore make different determinations of the meaning of the terms. This could necessarily become prejudicial to the accused.[1]
That which is stated supra and to the Standard Jury Instructions is equally applicable to the instructions on manslaughter. “Culpable negligence” is defined in the recommended instruction, and this should have been included in the instruction to the jury on the charge of manslaughter, which was not done. These terms are also on the technical side and were terms that are not commonly used in every day conversation. The trial court should have defined to the jury what the court considered to constitute “culpable negligence” and we think this was prejudicial error. What constitutes “culpable negligence” is so technical that the Supreme Court of Florida devoted the major portion of one of its opinions [2] in explaining what it means. Also see McCullers v. State, 206 So.2d 30 (Fla.App. 4th, 1968).
The fact that the appellant did not request further explanatory instructions does not alter our decision that fundamental error was committed requiring a reversal of this case and remand for a new trial, because the trial court was obligated to instruct the jury on the elements necessary to convict whether or not requested to do so.[3]
Therefore, because of the errors in instructions to the jury, the judgment and sentence are reversed and this cause remanded for a new trial not in conflict with the holdings of this opinion.
Reversed and remanded for a new trial.
WIGGINTON, J., concurs.
RAWLS, Acting C. J., specially concurs.

. 16 Fla.Jur., Homicide, § 158, p. 503.

. Smith v. State, 65 So.2d 303 (Fla.1953).

. Robles v. State, 188 So.2d 789 (Fla.1966).