BOYER, Judge.
The appellant seeks reversal of his conviction for manslaughter, claiming that the trial judge erred in failing to instruct the jury upon the definition of culpable negligence as contained in the instruction on that crime as given by the trial judge to the jury.
Appellant was charged by information with murder in the second degree. The evidence revealed a history of conflict between appellant and decedent. Self-defense was urged as the reason for appellant having armed himself (in anticipation of being attacked by the decedent) but the actual shooting was, according to the appellant, accidental.
At the conclusion of the evidence the trial judge stated that he was “going to instruct on all the instructions as provided in the Standard Jury Instructions except” circumstantial evidence. The jury was charged on the lesser included offenses including manslaughter, which was defined as “the killing of a human being by the act, procurement or culpable negligence of another in cases where such killing shall not be justifiable or excusable homicide or murder.” Culpable negligence was not defined. At the conclusion of all of the instructions the trial judge inquired of the attorneys: “All right, gentlemen, are there any other requested instructions?” To that query each attorney responded in the negative. The judge then asked if there were any objections “to the instructions as given” to which both the State and the defense responded in the negative.
The appellant now urges that, notwithstanding the above, the failure of the trial court to distinguish culpable negligence from any other kind of negligence and the failure to define culpable negligence so that the jury would have a basis upon which to determine whether or not the evi *375 dence conformed to the legal definition thereof is fundamental error, requiring reversal for a new trial. Appellant relies heavily upon the decision of this Court in Bryan v. State, Fla.App. (1st) 1972, 271 So.2d 197. The facts of that case are not distinguishable from those sub judice. We thought then, and think now, that “culpable negligence” as defined in the Standard Jury Instructions is applicable to the instructions on manslaughter and that the failure to so instruct the jury constituted fundamental, prejudicial and reversible error. We there said:
“ * * * These terms are also on the technical side and were terms that are not commonly used in every day conversation. The trial court should have defined to the jury what the court considered to constitute ‘culpable negligence’ and we think this was prejudicial error. What constitutes ‘culpable negligence’ is so technical that the Supreme Court of Florida devoted the major portion of one of its opinions [Smith v. State, 65 So.2d 303 (Fla.1953)] in explaining what it means. Also see McCullers v. State, 206 So.2d 30 (Fla.App. 4th, 1968)” (at page 199)
Appellant contends, and we agree, that the failure of the trial court to instruct the jurors on the legal definition of culpable negligence left the appellant open to conviction of the crime of manslaughter upon any individual juror’s definition of culpable negligence, regardless of what that definition consisted of; and even if the juror’s personal definition was not different from any other type of negligence, including simple negligence, the basis for conviction thereby shrinks from the legal posture to one of unguided and unpredictable speculation by the jurors. It seems basicly unfair, to the jury as well as the defendant, to leave the average layman who serves as a juror to his or her own interpretation and definition of complicated, technical legal terms such as culpable negligence when the makeup of that definition consists of the essential elements of the crime itself.
The evidence in the case sub judice was such that a juror who was unfamiliar with guns might well have (without proper instructional guidance) decided that the mere procuring of the gun without more constituted culpable negligence. Other jurors, better acquainted with weapons, might well have found, if properly instructed on culpable negligence, that none of the acts revealed by the evidence reached the definition.
Alas, however, our Supreme Court holds to the contrary: State v. Bryan, Sup.Ct.Fla.1973, 287 So.2d 73. There, under virtually identical circumstances, the Supreme Court held:
“Absent objection to the charges in question, and finding no fundamental error, we view the charges of the trial judge as being sufficient and proper under the circumstances before the court at the trial.” (at page 77)
In the last mentioned case defense counsel had failed to object to the failure to give the Standard Jury Instruction defining culpable negligence incident to the lesser included offense of manslaughter “prior to the jury instructions.” In the case now before us not only did the defense counsel fail to request that instruction prior to the settlement of charges but specifically approved the instructions given after they were delivered.
If no fundamental error existed in the Bryan case where the defense counsel failed to object in advance to the failure to define culpable negligence, a fortiori the specific approval by defense counsel of the instructions given in the case sub jud-ice removes the omission of the definition of culpable negligence from the realm of fundamental error.
We think by far the better practice is for the trial judge to give the instruction on culpable negligence as set forth in the Standard Jury Instructions incident to manslaughter whether or not it is requested. Indeed, we still feel that it is reversible error to fail in so doing. However, the *376 Supreme Court has spoken and as observed by it in the Bryan case, supra, “it is always last!”
Affirmed.
SPECTOR, Acting C. J., concurs, and McCORD, J., concurring specially.