STATE v. B. R. (BERDINE) PLEMMONS.

(Filed 2 March, 1949.)

**1. Assault § 10—**

> The indictment charged defendant with an assault with a deadly weapon with intent to kill "and murder," inflicting serious injury not resulting in death. *Held:* The words "and murder" are surplusage and place no additional burden on the State.

**2. Assault § 14a: Criminal Law § 53d—**

In a prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, the term "intent to kill" is self-explanatory and the trial court is not required to define the term in its charge.

**3. Assault § 14b—**

A charge on the right of self-defense that if defendant was at his place of business and an assault was made upon him, he had a right to protect himself regardless of whether the assault was felonious or nonfelonious, and use such force as was necessary or reaonably appeared to him necessary under the circumstances to protect himself from death or great bodily harm, is correct and adequate, and an exception thereto is not sustained.

APPEAL by defendant from *Clement, J.,* September Term, 1948, of BUNCOMBE.

Criminal prosecution on indictment charging the defendant with an assault with a deadly weapon with intent to kill "and murder," inflicting serious injury not resulting in death.

The record discloses that the defendant owns the "Star Dust Trail" on Riverside Drive in the City of Asheville, where beer and other drinks are sold. On the night of 25 July, 1948, around the hour of midnight, John B. Bulis and four or five others came to the defendant's place of business in a taxicab. They were all drinking. They began to play a slot machine in the defendant's place of business which was supposed to pay off in tokens. The machine failed to operate properly; whereupon Bulis picked it up, put it under his arm and started out the door with it. The defendant followed him with pistol in hand.

Bulis testified that as he stepped through the door he lost his balance and fell with the slot machine; that the defendant picked up the machine and shot him in the abdomen while he was lying on the ground.

The defendant's evidence was to the effect that Bulis neither fell nor was on the ground when shot. The defendant testified that he followed Bulis into the yard and asked him where he was going with his machine; that as he reached to take the machine, Bulis struck at him with his right fist and threw him off balance causing him to stumble and nearly fall; that as he straightened up Bulis was coming on him with the slot machine in his hand, threatening to strike him in the face with it; whereupon the defendant shot him "right along the watch pocket" to ward off the assault, fearing that his life was in danger.

Verdict: "Guilty of an assault with a deadly weapon with intent to kill, inflicting serious and permanent injury not resulting in death."

Judgment: Imprisonment in the State's Prison for a term of not less than four nor more than six years.

Defendant appeals, assigning errors.

STATE *v.* PLEMMONS.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Henry C. Fisher and Claude L. Love for defendant.*

STACY, C. J.  The defendant is charged with an assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. This is made a felony by G.S. 14-32.

The use of the words "and murder" following the phrase "with intent to kill" in the bill was surplusage and placed no additional burden on the prosecution.  The jury was careful to spell out its verdict and the spelling appears to have followed the language of the statute.  *S. v. Ellison, post,* 59; *S. v. Lassiter,* 208 N.C. 251, 179 S.E. 891.

The defendant complains that the trial court failed to explain to the jury "what is meant by the term, 'with intent to kill,' as used in the statute."  The court opened his charge to the jury with an explanation of the different grades of an assault, dependent upon the attendant circumstances of aggravation, and closed the explanation with this statement and instruction: "Then there is another type of assault, assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death.  To constitute that offense the assault must be made with a deadly weapon; there must be an intent to kill and serious injury inflicted, not resulting in death."

The jury could hardly have failed to understand what was meant by the expression "with intent to kill."  It is self-explanatory.  There is no point in elaborating the obvious.  *S. v. Gore,* 207 N.C. 618, 178 S.E. 209. The instruction follows closely the decision in *S. v. Hefner,* 199 N.C. 778, 155 S.E. 879, wherein the essential elements of the offense are enumerated as (1) an assault (2) with a deadly weapon (3) with intent to kill and (4) the infliction of serious injury (5) not resulting in death.  *S. v. Bentley,* 223 N.C. 563, 27 S.E. 2d 738.

The defendant also complains that his plea of self-defense was inadequately submitted to the jury.  The substance of the charge in this respect was as follows: "If the defendant was there at his place of business and an assault was made upon him he had a right to protect himself.  It does not make any difference whether it was a felonious assault or a non-felonious assault he would have a right to protect himself and use such force as was necessary or reasonably appeared to him to be necessary under the circumstances to protect himself from death or great bodily harm."

This instruction affords the defendant no ground for a valid assignment of error.  *S. v. Marshall,* 208 N.C. 127, 179 S.E. 427; *S. v. Spruill,* 225 N.C. 356, 34 S.E. 2d 142.

No reversible error has been made to appear, hence the verdict and judgment will be upheld.