STATE OF NORTH CAROLINA v. PALMER JUNIOR COFFEY

No. 7924SC437

(Filed 6 November 1979)

1. Assault and Battery § 14.1 — assault with automobile — intent to injure — inference from culpable or criminal negligence

   The State's evidence was sufficient to show the element of intent in a prosecution for assault with a deadly weapon, an automobile, inflicting serious

injury where it tended to show that defendant drove an automobile through a campfire and struck a person who was lying beside the campfire, since intent may be inferred from culpable or criminal negligence, and defendant was guilty of culpable and criminal negligence in that he operated the automobile in a dangerous and reckless manner in complete disregard for the rights and safety of others, and he could reasonably have foreseen that death or bodily injury would be the probable result of his actions.

**2. Criminal Law § 6— assault case—refusal to charge on intoxication as defense**

The trial court in a prosecution for assault with a deadly weapon inflicting serious injury did not err in refusing to instruct the jury that it should find defendant not guilty if it found that defendant was intoxicated to a degree that he was unable to form the specific intent to assault the victim, since intoxication is not a defense unless the crime charged requires a specific intent, and a specific intent is not an element of the assault charged in this case.

**3. Criminal Law § 5.2— defense of unconsciousness—instructions**

In a prosecution for assault with a deadly weapon, an automobile, inflicting serious injury and hit and run after inflicting personal injury, defendant's own testimony was sufficient to support an instruction on the defense of unconsciousness, and it was appropriate for the court to explain to the jury that unconsciousness may be a complete defense but not in cases where the unconsciousness was produced by voluntary, excessive consumption of intoxicants or drugs.

APPEAL by defendant from *Howell, Judge.* Judgment entered 15 December 1978 in Superior Court, WATAUGA County. Heard in the Court of Appeals 18 September 1979.

The indictment charged that on 28 July 1978 defendant (1) assaulted Dennis Miller with a deadly weapon, an automobile, inflicting serious injury, and (2) hit and run after inflicting personal injury.

STATE'S EVIDENCE

Dennis Miller, 21 years of age, and three friends were sitting around a campfire near Raven Rock about 20 feet off the road. They observed a yellow Capri being driven in circles on the hill above the campsite. The car scared the horses loose in a nearby corral. The three friends left the campsite to tie the horses at the corral. Miller lay down beside the campfire.

Defendant drove the car from the hill at a speed of about 25-30 m.p.h. through the campfire, which had a flame about a foot high. Miller, lying near the fire, was run over and permanently paralyzed due to a fractured neck. Miller also suffered a broken

arm and a broken collarbone. His lungs were bruised so that for several weeks he had to be placed on a breathing machine and also on an artificial kidney machine. He was hospitalized for seven weeks and incurred medical expenses in excess of $37,000.

### DEFENDANT'S EVIDENCE

Late in the afternoon defendant and several friends went to Raven Rock. They drank beer and intoxicating liquor, and smoked pot. Defendant was staggering around, "just hooting and hollering."

Defendant, 19 years of age, testified that he did not remember anything after drinking alcoholic beverages and smoking "six or seven joints."

In rebuttal, the State offered evidence that at the probable cause hearing in District Court defendant stated to the judge that he did not know that there was a person at the fire when he drove through it.

*Attorney General Edmisten by Assistant Attorney General Isham B. Hudson, Jr. for the State.*

*Charlie R. Brown for defendant appellant.*

CLARK, Judge.

The defendant groups his assignments of error into three arguments as follows: (1) the essential element of intent is not shown by the evidence in the assault charge; (2) the trial court failed to instruct the jury as requested on his defense of intoxication; and (3) the trial court erred in charging on the defense of unconsciousness.

[1]  Clearly, intent is an essential element of the crime of assault, including an assault with an automobile, but intent may be implied from culpable or criminal negligence, *State v. Eason,* 242 N.C. 59, 86 S.E. 2d 774 (1955), if the injury or apprehension thereof is the direct result of intentional acts done under circumstances showing a reckless disregard for the safety of others and a willingness to inflict injury. *See* Annot. 92 A.L.R. 2d 635, 650 (1963); 61A C.J.S. Motor Vehicles § 597 (1970).

The evidence for the State was sufficient to show that defendant was operating the automobile in a dangerous and reckless manner and in complete disregard for the rights and safety of others. The negligence was culpable and criminal. *State v. Weston*, 273 N.C. 275, 159 S.E. 2d 883 (1968). The evidence was also sufficient to show that defendant could have reasonably foreseen that death or bodily injury would be the probable result of his actions. *State v. Agnew*, 202 N.C. 755, 164 S.E. 578 (1932).

Defendant's motion for nonsuit was properly denied. The evidence was sufficient to support the verdict and judgment.

[2] The defendant submitted in writing a request that the court instruct the jury, in part, "that intoxication may negate the existence of such intent; that is if you find that the defendant [was intoxicated] to a degree that he was unable to form the specific intent to assault Dennis Miller . . . then it would be your duty to return a verdict of not guilty."

The requested instructions are erroneous. Generally, voluntary intoxication is no defense to a charge of crime. *State v. Hairston*, 222 N.C. 455, 23 S.E. 2d 885 (1943); *State v. Couch*, 35 N.C. App. 202, 241 S.E. 2d 105 (1978). Intoxication is not a defense unless the crime charged requires a specific intent, such as first-degree murder. *State v. Absher*, 226 N.C. 656, 40 S.E. 2d 26 (1946). *See* 21 Am. Jur. 2d, Crim. Law § 107; Annot. 8 A.L.R. 3d 1236 (1966). A specific intent is not a necessary element of either of the crimes charged in the case before us. There is no merit in this argument.

[3] Defendant next contends that the trial court erred in giving the following instruction on unconsciousness as a defense:

"Unconsciousness is a complete defense to a criminal charge, but this rule of law does not apply to a case in which the mental state of the person in question is due to insanity or a mental defect or voluntary intoxication resulting from the use of drugs or intoxicating liquor . . . ."

Defendant's objections are twofold. First, defendant contends that the record is left wanting of any testimony of evidence that the defendant Coffey was unconscious within the legal meaning of that term. However, in his own testimony defendant stated that he and several others went down to the creek and:

"[W]e smoked six or seven joints and that's all I know. I don't know what happen [*sic*] after that.

I felt drunk. I was out of it; drunk enough to be out of it.

The next thing I remember is waking up on the Roby Greene road the next, I guess, it was the next day . . . . I do not remember anything else between the time I was down at the river and the next morning."

We think this evidence is sufficient to support an instruction to the jury on unconsciousness.

Defendant's second contention is that the charge given on unconsciousness tended to equate intoxication with unconsciousness and, in effect, completely eliminated intoxication as a substantial feature of defendant's case. We disagree. We note that the language in the instruction is almost identical to language in *People v. Wilson*, 59 Cal. Rptr. 156, 427 P. 2d 820 (1967), which was quoted by our Supreme Court in *State v. Mercer*, 275 N.C. 108, 118, 165 S.E. 2d 328 (1969). In addition, it is common knowledge that a person may become so intoxicated as to reach a state of unconsciousness. It was entirely appropriate for the trial judge to explain to the jury that unconsciousness may be a complete defense but not in cases where the unconsciousness was produced by voluntary, excessive consumption of intoxicants or drugs. *State v. Williams*, 296 N.C. 693, 252 S.E. 2d 739 (1979). This assignment of error is overruled.

The defendant's post-verdict motions were properly denied.

No error.

Judges HEDRICK and MARTIN (Harry C.), concur.