STATE OF NORTH CAROLINA v. WALTER LEE JONES

No. 5

(Filed 3 June 1980)

1. Criminal Law § 113.4— jury charge—failure to define intent

The trial court in a prosecution for common law arson did not err in failing to define the word "intent."

**2. Criminal Law § 113.2— involuntary intoxication—instruction not required**

    The trial court in a common law arson case did not err in failing to submit an issue of involuntary intoxication to the jury where there was no evidence that defendant's intoxication, if any, was other than voluntary.

    Justice BROCK took no part in the consideration or decision of this case.

APPEAL by defendant from *Rouse, J.,* 5 February 1979 Criminal Session of WILSON Superior Court.

Defendant was charged in an indictment proper in form with the crime of common law arson. Defendant entered a plea of not guilty. This is the second time this case has been before us. In 296 N.C. 75, 248 S.E. 2d 858 (1978), we found error in the failure of the prosecutor to furnish certain laboratory results to defendant and granted defendant a new trial.

At trial, evidence for the State tended to show that on 3 March 1978 defendant was residing at an apartment with Wallace Eatmon. Mr. Eatmon had lived at the apartment for about two years. The lease was in his name, and he had paid the rent during the time he had lived there. On the evening of 3 March 1978, defendant and Eatmon went to a tavern where defendant consumed two or three beers. Upon their return home, the two began to argue concerning a debt which defendant owed Eatmon. During the course of the argument, defendant picked up a bottle of kerosene and poured the contents on the floor of the apartment. He then threw lighted matches onto the floor, igniting the kerosene. After trying unsuccessfully to extinguish the flames, Eatmon left to call the fire department. Upon his return home, he found that the apartment and its contents were almost totally consumed.

Defendant did not testify but offered evidence that the reputation of prosecuting witness Eatmon for truth and veracity was not good.

The jury returned a verdict of guilty, and defendant was sentenced to life imprisonment. He appealed pursuant to G.S. 7A-27(a).

*Rufus L. Edmisten, Attorney General, by George W. Boylan, Assistant Attorney General, for the State.*

*E. J. Kromis, Jr., for defendant.*

BRANCH, Chief Justice.

Defendant in his brief expressly abandons all of his assignments of error. Under Rule 10 of the North Carolina Rules of Appellate Procedure, review is foreclosed except insofar as exceptions are made the bases of assignments of error and those assignments are brought foward. Nevertheless, due to the gravity of the sentence imposed, we elected, pursuant to our inherent authority and Rule 2, to consider defendant's arguments as presented in his brief. *See State v. Adams,* 298 N.C. 802, 260 S.E. 2d 431 (1979).

[1]   Defendant's brief is addressed solely to the failure of the judge to charge on all substantial features of the case. Defendant first contends that the jurors were confused over the meaning of the word "intent" and that the judge erred in failing to explain its meaning.

It is well settled that it is not error for the court to fail to define and explain words of common usage in the absence of a request for special instructions. *State v. Jennings,* 276 N.C. 157, 171 S.E. 2d 447 (1970); *State v. Jones,* 227 N.C. 402, 42 S.E. 2d 465 (1947). The word "intent" is self-explanatory, and we see "no point in elaborating the obvious." *State v. Plemmons,* 230 N.C. 56, 58, 52 S.E. 2d 10, 11 (1949). We find no error in the court's failure to define the word "intent."

[2]   Defendant next argues that the judge erred in failing to submit the issue of intoxication to the jury. He maintains that the jury should have been permitted to determine whether he was intoxicated at the time of the commission of the offense and, if so, whether that intoxication was sufficient to negate criminal intent.

The crime of common law arson does not require a showing of specific intent. *State v. McLaughlin,* 286 N.C. 597, 213 S.E. 2d 238 (1975), *death sentence vacated,* 428 U.S. 903 (1976); *State v. Thomas,* 241 N.C. 337, 85 S.E. 2d 300 (1955). "Except where a crime requires a showing of specific intent, voluntary intoxication is not a defense to a criminal charge. *State v. Bunn,* 283 N.C. 444, 196 S.E. 2d 777 (1973); *State v. Propst,* 274 N.C. 62, 161 S.E. 2d 560 (1968)." *State v. McLaughlin, supra* at 606, 213 S.E. 2d at 244.

Even so, defendant contends the jury should have been permitted to decide whether he was *involuntarily* intoxicated so as

to negate even the general intent necessary to commit the crime of arson.

It is true that the court is required to instruct on all substantial features of a case, G.S. 15A-1232; and it is equally settled that defenses raised by the evidence constitute substantial features requiring an instruction. *State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974). However, it is error for the court to instruct on a set of hypothetical facts not presented by the evidence. *State v. Ferdinando,* 298 N.C. 737, 260 S.E. 2d 423 (1979). In the instant case, there is no evidence that defendant's intoxication, if any, was other than voluntary. Mr. Eatmon testified that he and defendant went to a tavern early in the evening and that defendant consumed two or three beers. "[I]t is only when alcohol has been introduced into a person's system without his knowledge or by force majeure that his intoxication will be regarded as involuntary." *State v. Bunn, supra* at 457, 196 S.E. 2d at 786. There was no evidence to support a charge on involuntary intoxication, and we hold that the trial judge committed no error in failing to instruct on that defense.

Defendant received a fair trial free from prejudicial error.

No error.

Justice BROCK took no part in the consideration or decision of this case.