STATE OF NORTH CAROLINA v. DONNA JONES SMITH

No. 8218SC217

(Filed 19 October 1982)

**Criminal Law § 5.2— defense of unconsciousness—evidence requiring instruction**
     The trial court in an armed robbery prosecution erred in failing to instruct the jury on the defense of automatism or unconsciousness where defendant's evidence tended to show that she had no independent recollection of the robbery or of that day's events because of the large amount of drugs and alcohol she had taken for several days.

APPEAL by defendant from *Wood, Judge.* Judgment entered 29 October 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 September 1982.

The defendant was indicted for armed robbery. From a jury verdict of guilty of armed robbery and a judgment imposing a prison sentence of fifteen to twenty years, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Francis W. Crawley, for the State.*

*Frederick G. Lind, Assistant Public Defender, for defendant appellant.*

BECTON, Judge.

I

The defendant held a gun on Rumel Smith and robbed her of money while she was working at the Majik Market on Lee Street in Greensboro, North Carolina, during the early morning hours of 21 November 1980. Greensboro Police Officers, alerted by a secret alarm system, came to the scene and arrested defendant inside a car just outside the store. Items from the store, including money and receipts, were found in the car. There was evidence also that Anthony May and the defendant, Donna Jones Smith, had ridden around in the car, drinking heavily, for several hours prior to the robbery. The State introduced defendant's statement to the officers that her husband had held a gun on her and had taken her to the store to rob the store for him.

According to defendant, she had no independent recollection of the robbery or that day's events because she had been drinking heavily and using a large quantity of narcotic drugs for several days prior to the robbery. Thus, she could not form the intent required to commit an armed robbery.

II

By her third assignment of error defendant contends that the trial court erred by failing to submit to the jury an instruction on automatism or unconsciousness and that that failure was so prejudicial as to warrant a new trial. We agree.

The trial court is required to instruct on all substantial features of a case, even absent a request by counsel. N.C.G.S. § 15A-1232 (1978). Further, defenses raised by the evidence are substantial features requiring an instruction. *State v. Jones*, 300 N.C. 363, 366, 266 S.E. 2d 586, 587 (1980). Failure to instruct on a substantial feature of a case, such as evidence of a complete defense, is error for which the defendant is entitled to a new trial. *State v. Dooley*, 285 N.C. 158, 166, 203 S.E. 2d 815, 820 (1974); *State v. Jones*, 254 N.C. 450, 453, 119 S.E. 2d 213, 215 (1961).

In the case *sub judice*, defendant's evidence tended to show that she had no independent recollection of the robbery or of 21 November 1980, because of the large amount of drugs and alcohol

she had taken for several days. Under the law of this State, un-consciousness, or automatism, can be a complete defense to a criminal charge. *State v. Caddell*, 287 N.C. 266, 290, 215 S.E. 2d 348, 363 (1975). Delirium from drugs or drunkenness is recognized as a source of unconsciousness for purposes of this defense. *Id.* at 285.

In *State v. Coffey*, 43 N.C. App. 541, 259 S.E. 2d 356 (1979), this Court held that defendant's evidence was sufficient to sup-port an instruction on unconsciousness. In the *Coffey* case, de-fendant was charged with assault with a deadly weapon (an automobile) inflicting serious injury, and hit and run after inflict-ing personal injury. The State's evidence tended to show that Cof-fey had driven his car down a hill through a campfire which had a flame about a foot high, and run over Dennis Miller, who was ly-ing beside the fire. Miller was permanently paralyzed because of a fractured neck. He also suffered a broken arm and other in-juries. Defendant said he had no recollection of the accident; that he remembered nothing between the time he began drinking and using drugs until the morning after the incident. He testified:

> [W]e smoked six or seven joints and that's all I know. I don't know what happen [sic] after that.
>
> I felt drunk. I was out of it; drunk enough to be out of it.
>
> The next thing I remember is waking up on the Roby Greene road the next, I guess it was the next day . . . . I do not remember anything else between the time I was down at the river and the next morning.

Id. at 545, 259 S.E. 2d at 358.

In the case *sub judice*, the defendant, as in *Coffey*, testified that she remembered nothing of the events of the robbery or that night and that her recollections were only of waking up in jail the morning after. She testified:

> I do not have any independent recollection of the eve-ning of November 20th and of November 21st, 1980, until I woke up in jail. I woke up in jail on Saturday afternoon. I did not remember robbing any place, any store. I do not remember riding around town with my cousin Tony.

I remember seeing Officer Russ yesterday. I don't remember seeing him any time in November, 1980.

One time I worked at the Majik Market. I don't have any memory at all whatsoever as to November 20th and 21st of 1980. I barely remember Halloween much less then.

. . . .

On this night I do not recall leaving my residence with Mr. Tony May at all. I don't remember talking to Sergeant Batten of the Greensboro Police Department after the arrest.

*State v. Coffey* and the case *sub judice* are similar. In both cases the defendant produced competent evidence of a drug and alcohol induced delirium. Cognizant of the high potential for abuse inherent in defenses of this sort, we express no opinion as to the weight or credibility properly accorded this evidence; that determination is for the jury. Nevertheless, since there was competent evidence introduced at trial which would support an instruction on automatism or unconsciousness, failure to so instruct unduly prejudiced this defendant.

New trial.

Chief Judge MORRIS and Judge JOHNSON concur.