State v. Snyder

STATE OF NORTH CAROLINA v. LANCE ALBERT SNYDER

No. 8321SC674

(Filed 4 September 1984)

**Criminal Law § 5.2; Homicide § 7.1— intoxicated defendant—evidence of unconsciousness**

> The trial court erred in excluding expert testimony that the highly intoxicated defendant may have sustained a concussion which would have rendered him unconscious even without the presence of alcohol, in refusing to allow defense counsel to raise the defense of unconsciousness in his closing jury argument, and in refusing to instruct on the defense of unconsciousness.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 3 December 1982 in Superior Court, FORSYTH County. Heard in the Court of Appeals 17 January 1984.

Defendant was tried on indictments charging him with three counts of second degree murder. On 4 September 1982, defendant and his brother went to Smokey's Lounge in Forsyth County after having had several mixed drinks during the course of the afternoon. Worth Shelton, the owner of Smokey's Lounge, refused to serve them and told them to leave. As they were leaving an altercation ensued during which Shelton struck defendant on the chin with his fist. He then hit defendant above the eye, causing him to fall into the door. As he was falling, defendant's head hit the base of the door.

Defendant then walked to his car and drove out of the parking lot and onto Highway 311 at excessive speed. While leaving the parking lot he struck the rear of a motorcycle on which two people were riding, forcing it off the road. Defendant then increased his speed, drove through a red light and entered an intersection where he struck a car, killing three passengers. After the accident defendant was taken to Forsyth Memorial Hospital. Records of the hospital emergency room indicated that defendant had a .32 alcohol blood content when admitted.

Defendant testified at trial that he had no memory of any events that occurred after he was hit and knocked into the door at Smokey's Lounge. Defendant's attempt to offer medical testimony showing that he was unconscious at the time of the accident was denied by the court, as was his attempt to argue the defense

of unconsciousness to the jury. Moreover, the court refused to instruct the jury on the issue of unconsciousness. The jury was allowed to return one of four verdicts: guilty of second degree murder, guilty of involuntary manslaughter, guilty of death by vehicle, or not guilty. It found defendant guilty of second degree murder in all three cases.

After finding as an aggravating factor that defendant was engaged in a pattern of violent conduct, and finding no mitigating factors, the court sentenced defendant to 20 years on each of the three counts to be served concurrently, such sentence being in excess of the presumptive term of 15 years. On appeal to the Court of Appeals, the Court held that the conviction constituted "plain error" since there was no evidence at trial of malice on the part of defendant. 66 N.C. App. 358, 311 S.E. 2d 379 (1984). On discretionary review, the Supreme Court reversed the decision of the Court of Appeals and remanded the case to this Court for further consideration.

*Attorney General Rufus L. Edmisten, by Associate Attorney David E. Broome, Jr., for the State.*

*James J. Booker and W. Eugene Metcalf for defendant appellant.*

ARNOLD, Judge.

Defendant contends that the trial court erred in refusing to allow testimony regarding his alleged unconscious condition at the time of the accident, in refusing to allow defense counsel to raise the defense of unconsciousness in his closing argument to the jury, and in refusing to instruct the jury as to the defense. We agree and order a new trial.

Unconsciousness is recognized in this State as a complete defense to a criminal charge. *State v. Caddell,* 287 N.C. 266, 290, 215 S.E. 2d 348, 363 (1975). In the case at bar, defendant attempted to introduce the testimony of Dr. Lawrence McHenry, a neurologist, and Dr. Selwyn Rose, a psychiatrist, both of whom had examined the defendant. On voir dire examination the two doctors testified that there was evidence to suggest that defendant may have sustained a concussion as a result of the fall in Smokey's Lounge. Although Dr. McHenry would not state that the blow by itself

would have rendered defendant unconscious, Dr. Rose did in fact testify that, even without the presence of the alcohol, the blow could have caused defendant to become unconscious. On each occasion, the trial court excluded the testimony.

Judge Rousseau stated at trial that he based his decision to exclude the testimony of the two doctors on the fact that voluntary intoxication is not a defense to second degree murder, apparently agreeing with the State that but for defendant's intoxicated condition, the offense would not have occurred. We find that the court erred in excluding the testimony of Dr. Rose.

To be admissible as substantive evidence, testimony must be relevant and must not be forbidden by some specific rule of law. *Freeman v. Ponder*, 234 N.C. 294, 304, 67 S.E. 2d 292, 300 (1951). Although we agree that voluntary intoxication is no defense to a criminal charge, we do not find a specific rule of law which would bar testimony that defendant may have sustained a concussion which would have rendered him unconscious *even in spite of his intoxication*. Therefore, there is no specific rule of evidence which would bar the testimony of Dr. Rose.

On finding that the testimony of Dr. Rose was improperly excluded, it necessarily follows that the court erred in refusing to permit defense counsel to argue the unconsciousness defense to the jury and in refusing to give the jury relevant instructions on unconsciousness.

The question of whether a highly intoxicated defendant can raise the defense of unconsciousness is one which has not been clearly decided in this State. We are aware of *State v. Williams*, 296 N.C. 693, 252 S.E. 2d 739 (1979), in which Justice Britt stated that "[i]n view of the overwhelming evidence that defendant's mental state at the time of the commission of the offense in question was brought about by his excessive consumption of intoxicants," there was no error in refusing to instruct the jury on the defense of unconsciousness. *Id.* at 701, 252 S.E. 2d at 744.

We also are aware, however, of the case of *State v. Smith*, 59 N.C. App. 227, 296 S.E. 2d 315 (1982), in which this Court held that where competent evidence in support of an unconsciousness defense is introduced at trial, the Court must instruct the jury as to that defense. In *Smith*, the Court reasoned that, under G.S.

15A-1232 (1978), the trial court is required to instruct on all substantial features of the case and that evidence of a complete defense is a substantial feature. *Id.* at 228-29, 296 S.E. 2d at 316, citing *State v. Jones,* 300 N.C. 363, 266 S.E. 2d 586 (1980). Significantly, the Court added: "Cognizant of the high potential for abuse inherent in defenses of this sort, we express no opinion as to the weight or credibility properly accorded this evidence; that determination is for the jury." *Id.* at 230, 296 S.E. 2d at 317.

In the case at bar, the defense of unconsciousness was not established by the evidence, but the trial court excluded testimony that may have put the defense in issue. Following the reasoning of this Court in *State v. Smith, supra,* we hold that the trial court committed error in refusing to permit defense counsel to pursue the unconsciousness defense before the jury.

New trial.

Judges WHICHARD and BECTON concur.