CALABRIA, Judge.
Robby Dean Brandon ("defendant") appeals from judgment entered on a jury verdict finding him guilty of assault with a deadly weapon inflicting serious injury. The trial court sentenced defendant to a term of 59 to 80 months' imprisonment in the North Carolina Department of Correction. We find no error.
On 23 June 2002, Carl Riddle (the "victim") was home watching television with his girlfriend ("Meeks") when he received a phone call from defendant. Defendant asked the victim, "Are you with me or against me?" The victim discerned defendant was drunk and hung up on him. Later that evening, Scott Sisk ("Sisk"), Meeks' son, arrived at the victim's house. Sisk stated he and defendant arguedearlier, and defendant told Sisk he "needed to go get [the victim] because [he was going to] need[] help." Defendant also stated he would be bringing "somebody else . . . with him and they w[ere] going to take care of [the victim and Sisk.]"
Between twenty to thirty minutes after Sisk arrived, the victim observed defendant and Charles Thomas Holland, Jr. ("Holland") approaching the house. The victim had been friends with defendant for approximately forty years and had known Holland for approximately three years. As defendant and Holland approached the gated portion of the fence surrounding the victim's property, the victim saw both men carrying the type of wooden handles commonly used with axes or picks. The victim went outside and met defendant and Holland; both of them appeared to be drunk. The victim told defendant "you been drinking. You need to go home. I don't want no trouble here."
Defendant responded by breaking through the victim's gate thereby damaging the attached fence and "sucker punching" the victim in the mouth with his fist. Next, defendant and Holland started beating the victim with the wooden handles they were carrying. The victim was able to disarm defendant, who then unsuccessfully attempted to gain admittance into the victim's house. Meanwhile, the victim placed Holland in a "headlock" and disarmed him, but Holland picked up a garden hoe lying in the yard and struck the victim in the head with the metal portion.
The resulting wound caused profuse bleeding, and the victim was allowed to go into his home and treat the wound. In themeantime, the police arrived and immediately apprehended defendant. Holland was apprehended after he unsuccessfully attempted to flee. The victim was taken to the hospital and treated for various injuries, including a head injury requiring fourteen stitches resulting from the wound inflicted by the garden hoe.
Defendant was indicted for assault with a deadly weapon inflicting serious injury. According to the indictment, defendant "unlawfully, willfully and feloniously did assault [the victim] with a ax handle, a deadly weapon, inflicting serious injury." Holland was also indicted, and his and defendant's cases were consolidated for trial. At the close of the State's evidence and again at the close of all the evidence, defendant moved to dismiss the charges. The trial court denied defendant's motions and entered judgment following a jury verdict of guilty of assault with a deadly weapon inflicting serious injury. Defendant appeals.
On appeal, defendant asserts the trial court erred in (I) failing to dismiss the charge due to flaws or variances in the indictment, (II) failing to dismiss the charge due to insufficiency of the evidence, (III) allowing a jury instruction on acting in concert, and (IV) admitting an exhibit into evidence despite an insufficient chain of custody.
I. Indictment
Defendant first asserts his indictment was defective and at variance with the evidence adduced at trial. Defendant argues "[t]he trial court received uncontroverted evidence that [the victim] incurred a serious injury from the blade of a hoe and nota handle" as charged in the indictment. Defendant's argument implies the victim's only serious injury was that which occurred by means of the wound to his head resulting from being hit by Holland with the hoe. We disagree.
In the instant case, the victim's injuries were not limited to the wound inflicted by the hoe requiring stitches. Rather, the evidence indicates the victim also received serious injuries resulting from defendant and Holland's use of the wooden handles. For example, the victim testified that, due to the beating with the wooden handles, he experienced pain in his back and sides "for over a month [and] still had scars[.]" The victim was given pain medication following the incident. The victim testified that collectively, both defendant and Holland, "liked to killed me." In addition, the victim testified he required medical testing to determine whether any organs had been damaged as a result of a blow from a handle near his kidney or liver and received a "big shot in the kidney area." Meeks testified the victim "had some bad . . . big bruises and stuff. I mean bad bruises all over his body." Meeks further indicated the bruises were similar to those that would result from being "beat[en] with a hard - that would make like a scab [because the bruise was] so deep." Meeks testified that, following the attack, she "would have to help [the victim] a lot . . . to get up because he would be . . . hurting so bad. So it was more like [she had] to wait on him because it would hurt so bad when he would get up." This testimony concerning the infliction of serious injury as a result of being beaten by thewooden handles wielded by defendant and Holland comports with the indictment charging assault with a deadly weapon inflicting serious injury.
Defendant argues, in the alternative, that "even if [the victim] received serious injuries from the handle, the indictment does not adequately allege an assault with a deadly weapon." Specifically, defendant contends that a "handle is not an inherently dangerous weapon[,] [y]et, contrary to case law, the indictment does not contain allegations about the use of the handle to demonstrate its alleged deadly character." Our Supreme Court has previously held that "it is sufficient for indictments or warrants seeking to charge a crime in which one of the elements is the use of a deadly weapon (1) to name the weapon and (2) . . . to state expressly that the weapon used was a `deadly weapon' . . . ." State v. Palmer, 293 N.C. 633, 639-40, 239 S.E.2d 406, 411 (1977). In the instant case, the indictment identified the weapon used as an "ax handle" and expressly characterized the handle as "a deadly weapon." This assignment of error is overruled.
II. Sufficiency of the evidence
In his second assignment of error, defendant asserts the trial court erred in failing to dismiss the charge of assault with a deadly weapon inflicting serious injury on the grounds that there was insufficient evidence of the crime. "A motion to dismiss on the ground of sufficiency of the evidence raises . . . the issue `whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator ofthe offense.'" State v. Barden, 356 N.C. 316, 351, 572 S.E.2d 108, 131 (2002), cert. denied, 538 U.S. 1040, 155 L. Ed. 2d 1074 (2003) (quoting State v. Crawford, 344 N.C. 65, 73, 472 S.E.2d 920, 925 (1996)). "The existence of substantial evidence is a question of law for the trial court, which must determine whether there is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." Id. "'The court must consider the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from that evidence.'" Id. (citation omitted).
A person is guilty of the offense of assault with a deadly weapon inflicting serious injury when he (1) commits an assault on another (2) with a deadly weapon and (3) inflicts serious injury that does not result in death. N.C. Gen. Stat. § 14-32(b) (2003). Relevant to the facts of this case, this Court has held "intent is an essential element of the crime of assault . . . ." State v. Coffey, 43 N.C. App. 541, 543, 259 S.E.2d 356, 357 (1979). Defendant asserts there was insufficient evidence of serious injury or of intent. We disagree.
Regarding defendant's intent, the evidence at trial indicated defendant called the victim before coming over and asked him if he was with or against defendant. He additionally called Sisk and informed him that he and another person would be coming over to "take care of" the victim and Sisk. When he actually arrived at the victim's house, he brought a wooden handle, which he subsequently used as a weapon against the victim. Moreover,defendant alone initiated the confrontation when he responded to the victim's entreaties to return home by punching him in the mouth. We hold there was sufficient evidence of defendant's intent to commit an assault.
Regarding the evidence tending to show whether the injury was serious, our Supreme Court has noted that "as long as the State presents evidence that the victim sustained a physical injury as a result of an assault by [a] defendant, it is for the jury to determine the question of whether the injury was serious." State v. Alexander, 337 N.C. 182, 189, 446 S.E.2d 83, 87 (1994). "Pertinent factors for jury consideration include hospitalization, pain, blood loss, and time lost at work." State v. Woods, 126 N.C. App. 581, 592, 486 S.E.2d 255, 261 (1997). In this case, the State presented evidence that defendant inflicted physical injury upon the victim. Further evidence tended to show the victim received approximately seven hours of medical treatment at the hospital, required a convalescence period of approximately one month before he could regain mobility or the ability to take care of himself, and testified that he had experienced severe pain throughout his body. Moreover, as previously referenced, the blows to the victim's body were sufficiently severe so as to warrant hospital testing for impaired organ function. Given the State's evidence as to the infliction and nature of the injury by defendant upon the victim, we hold the evidence was sufficient to withstand defendant's motion to dismiss. This assignment of error is overruled.
III. Acting in Concert
Defendant asserts the trial court erred in instructing the jury on "acting in concert" because Holland and defendant did not bring the garden hoe to the victim's house and defendant "could not have engaged in a common scheme to strike Mr. Riddle with the hoe, as there is no evidence he knew of its existence." As with defendant's previous assignments of error, this argument incorrectly assumes that the only serious injury was inflicted when Holland took up the garden hoe and struck the victim. For reasons already given, however, Sisk's testimony of defendant's intent as well as defendant and Holland's subsequent concerted attack on the victim constitute sufficient evidence that Holland and defendant were engaged in an "act together, in harmony or in conjunction one with another pursuant to a common plan or purpose" to come to the victim's house and assault him and Sisk. State v. Joyner, 297 N.C. 349, 356, 255 S.E.2d 390, 395 (1979).
We need not address the merits of any argument that the trial court's reference to a deadly weapon in the jury charge did not adequately differentiate between the injuries resulting from his and Holland's concerted actions with the wooden handles as opposed to Holland's actions with the garden hoe. Presupposing this argument was meritorious, the transcript reveals that, after the jury charge was given, defendant raised this issue to the trial court, and the court offered to give a further instruction to the jury; however, defendant responded by saying "apparently my client and I have decided that the best way to resolve [the] issue . . .I've just raised is to probably not do anything about it at this point." Whatever error occurred, defendant invited it, and we do not consider it on appeal. See State v. Barber, 147 N.C. App. 69, 74, 554 S.E.2d 413, 416 (2001) (noting that "a defendant who invites error has waived his right to all appellate review concerning the invited error, including plain error review"). This assignment of error is overruled.
IV. Chain of Custody
Defendant asserts the trial court erred in admitting State's exhibit eight because the victim referred to the exhibit alternately as a pick handle or a hoe handle and was unable to swear to the authenticity of one of the handles used. Defendant correctly notes that before real evidence can be properly received into evidence, "the item offered into evidence must be authenticated as the same object [that was] involved in the incident[.]" State v. Harding, 110 N.C. App. 155, 163, 429 S.E.2d 416, 422 (1993). That is precisely what the victim in this case did. When asked about State's exhibit eight, the victim stated that it had not been at his home before 23 June 2002 and it had been brought to his home by either defendant or Holland. Moreover, while the victim testified, in regards to State's exhibit two that he "couldn't swear" it was one of the handles used, he went on to expressly affirm that State's exhibit eight, the other handle, had "some identifying mark on the pick handle that made [him] know that [it] was one of [the handles used in the attack]. Finally, while we note there were different types of handles involved in theattack and the references to those handles were not always ideally consistent, the victim clarified his testimony by affirming that, despite his references to seeing defendant and Holland carrying "hoe handles" while approaching the house, he "[a]ctually . . . meant to say they were carrying . . . pick handles." This assignment of error is overruled.
No error.
Judges ELMORE and STEELMAN concur.
Report per Rule 30(e).