STATE OF NORTH CAROLINA v. LENNARD AMIER HARRIS

No. COA04-984

(Filed 21 June 2005)

**1. Sexual Offenses— failing to register as offender—notice of requirement**

Defendant's motion to dismiss a charge of failing to register as a sex offender was correctly denied where he was notified of the requirement 5 days before his release rather than the statutory 10. N.C.G.S. § 14-208.8 is an administrative provision; the Legislature did not intend to eliminate registration requirements for sex offenders who receive untimely notice, especially when there was no prejudice.

**2. Criminal Law— defenses—voluntary intoxication—specific intent crimes only**

Voluntary intoxication was not a defense to failing to register as a sex offender, which is not a specific intent crime.

Appeal by defendant from judgment entered 13 November 2003 by Judge Ripley E. Rand in Wake County Superior Court. Heard in the Court of Appeals 9 March 2005.

*Attorney General Roy Cooper, by Special Deputy Attorney General John J. Aldridge, III, for the State.*

*Teeter Law Firm, by Kelly Scott Lee, for defendant appellant.*

McCULLOUGH, Judge.

Defendant (Lennard Amier Harris) appeals from conviction and judgment for failing to register as a sex offender. We find no error.

The evidence at trial tended to show the following: On 7 February 1994 defendant was convicted of taking indecent liberties with a child, for which he received an active term of imprisonment. Defendant was required to register as a sex offender pursuant to N.C. Gen. Stat. § 14-208.7(a)(1) within ten days of his release from prison.

Defendant served a term of imprisonment for the indecent liberties conviction beginning in February 1994 and apparently was subsequently imprisoned again in February 1996 for violating a condition of probation imposed pursuant to another conviction. Defendant was originally scheduled to be released from prison on 15 September 2000.

On 6 September 2000, Corrections Officer Deborah Walser met with defendant to apprise him of his obligation to register as a sex offender. During this meeting, defendant told Walser that he would be living with his grandmother in Wake County after being released. Walser testified that she then informed defendant that he was to register with the Wake County Sheriff within ten days of his release from prison and advised him to complete this obligation immediately upon release. Walser further testified that she read the Department of Corrections' written Notice of Duty to Register to defendant "word-for-word" and witnessed defendant sign the Notice. Walser did not remember defendant appearing to be intoxicated at this meeting.

As a result of being credited with time, defendant was released five days early, on 10 September 2000. Accordingly, defendant's meeting with Walser occurred on the fifth day prior to his release date, and he had until 20 September 2000 to register as a sex offender with the Wake County Sheriff. In March 2003, Captain William McLean with the Wake County Sheriff's Office discovered defendant's name on a list of unregistered sex offenders maintained by the State Bureau of Investigation. Captain McLean verified that defendant had been convicted of an offense requiring registration, had been notified of his duty to register, and had failed to do so.

Defendant testified that he felt as if he had been wrongly imprisoned and that he "basically dealt with it by being intoxicated by the use of marijuana." Defendant introduced evidence that a drug

test administered during his confinement indicated that he had been using illegal drugs. According to defendant, he was "under the influence of drugs" during the meeting with Corrections Officer Walser on 6 September 2000. Defendant further testified that he vaguely remembered the meeting, but that he only recalled signing his release paper, and he denied knowing that he had to register as a sex offender.

The jury convicted defendant of failing to register as a sex offender, and the trial court imposed an active sentence of twenty-four to twenty-nine months' imprisonment. Defendant now appeals.

---

**[1]** In his first argument on appeal, defendant contends that the trial court erred by denying his motion to dismiss. Specifically, defendant insists that a formerly incarcerated sex offender cannot be convicted of failing to register if the penal institution in which he was confined did not strictly comply with N.C. Gen. Stat. § 14-208.8(a) by notifying him of his obligation to register "[a]t least 10 days, but not earlier · than 30 days" before he was released. We disagree.

Pursuant to the Sex Offender and Public Protection Registration Program, a North Carolina resident with a conviction for taking indecent liberties with a minor must "maintain registration with the sheriff of the county where the person resides." N.C. Gen. Stat. § 14-208.7(a) (2003); N.C. Gen. Stat. § 14-208.6(4)(a), (5) (2003) (establishing taking indecent liberties with a minor as a "sexually violent offense" and classifying a conviction for taking indecent liberties with a minor as a "reportable conviction"). If the person is incarcerated and is a current North Carolina resident, then the person must register "[w]ithin 10 days of release from a penal institution or arrival in a county to live outside a penal institution." N.C. Gen. Stat. § 14-208.7(a)(1). Failing to register is a Class F felony. N.C. Gen. Stat. § 14-208.11(a)(1) (2003).

Due process mandates that a sex offender have notice of his obligation to register before being convicted of failing to do so. *See State v. Young*, 140 N.C. App. 1, 12, 535 S.E.2d 380, 386 (2000) ("[A]lthough ignorance of the law is no excuse, and the statute at issue does *not* require the State to prove intent, due process requires that defendant have knowledge, actual or constructive, of the statutory requirements before he can be charged with its violation."), *appeal dismissed, disc. review denied in part and allowed in part*, 353 N.C. 397, 547 S.E.2d 429-30, *disc. review improvidently allowed*, 354 N.C. 213, 552

S.E.2d 142 (2001). Accordingly, the General Assembly has provided the following instructions to penal institutions that are about to release convicted sex offenders:

> At least 10 days, but not earlier than 30 days, before a person who will be subject to registration [as a sex offender] is due to be released from a penal institution, an official of the penal institution shall:
>
> (1) Inform the person of the person's duty to register . . . and require the person to sign a written statement that the person was so informed or, if the person refuses to sign the statement, certify that the person was so informed;
>
> (2) Obtain the registration information required under G.S. 14-208.7(b)(1), (2), (5), and (6), as well as the address where the person expects to reside upon the person's release; and
>
> (3) Send the Division and the sheriff of the county in which the person expects to reside the information collected in accordance with subdivision (2) of this subsection.

N.C. Gen. Stat. § 14-208.8(a) (2003).

Read closely and in context, N.C. Gen. Stat. § 14-208.8 must be construed as an administrative provision. It is designed to ensure that sex offenders are notified that they must register, to facilitate cooperation among the several agencies tasked with administration of sex offender registration, and to promote prompt detection of sex offenders who fail to register. As a general matter, if a penal institution has complied with N.C. Gen. Stat. § 14-208.8, a defendant has been made aware of his obligation to register and may be convicted for failing to do so under N.C. Gen. Stat. § 14-208.11(a)(1). Significantly, however, although some form of notification of the duty to register is a prerequisite to a conviction for failing to do so, N.C. Gen. Stat. § 14-208.11(a)(1) does not explicitly make the time-line set forth in N.C. Gen. Stat. § 14-208.8 a precondition for such a conviction.

Notwithstanding this omission, defendant posits that a sex offender must be notified of registration requirements within the twenty-day period set forth in N.C. Gen. Stat. § 14-208.8(a) and that, if he is not, the duty to register is extinguished. However, even a cursory reading of the statutory provisions at issue reveals that the Legislature did not intend to eliminate registration requirements for formerly incarcerated sex offenders who have received untimely

notice of their duty to register. Rather, the General Assembly has determined that "sex offenders often pose a high risk of engaging in sex offenses even after being released from incarceration and that protection of the public from sex offenders is of paramount governmental interest." N.C. Gen. Stat. § 14-208.5 (2003). The Legislature has expressed no lesser concern for danger to the public where an incarcerated sex offender has been notified of his duty to register outside of the twenty-day window contained in N.C. Gen. Stat. § 208.8(a).

In addition, we note that, if a defendant has not been prejudiced by the untimely notice, the case for excluding him from registration requirements has even less force. This is especially so where, as here, a defendant has never complied with his obligation to register in the nearly two-year period between his release from prison and the detection of his failure to observe this obligation.

In the instant case, the Department of Corrections inadvertently apprised defendant of his duty to register as a sex offender later than ten days prior to his release from prison. Though such an oversight failed to comply strictly with the statutory notification procedure for incarcerated sex offenders, the late notice to defendant is not fatal to his conviction for failing to register given that he actually received notice and was not prejudiced by the slight delay. Accordingly, we hold that defendant was not entitled to a dismissal merely because he was given notice that he must register as a sex offender five days prior to his release from prison. This assignment of error is overruled.

---

**[2]** In his second argument on appeal, defendant contends that the trial court erred by instructing the jury that voluntary intoxication is not a defense for failing to register as a sex offender. We do not agree.

" 'Except where a crime requires a showing of specific intent, voluntary intoxication is not a defense to a criminal charge.' " *State v. Jones,* 300 N.C. 363, 365, 266 S.E.2d 586, 587 (1980) (citations omitted). Therefore, voluntary intoxication is no defense to a general intent crime or a strict liability offense. *See id.* The statute which criminalizes failing to register as a sex offender no longer contains a specific intent element:

> Prior to 1997, N.C. Gen. Stat. § 14-208.11 included a *mens rea* element, providing that only offenders "who knowingly and with intent to violate" the provision were subject to conviction. N.C. Gen. Stat. § 14-208.11(a) (1995). The legislature amended

IN RE C.J.B. & M.G.B.

[171 N.C. App. 132 (2005)]

the statute in 1997 to remove this language. 1997 N.C. Sess. Laws ch. 516.

*State v. White*, 162 N.C. App. 183, 189, 590 S.E.2d 448, 452 (2004). Accordingly, this Court has repeatedly held that the State need not prove specific intent to procure a conviction for a sex offender's failure to comply with registration requirements. *See id.* ("We hold as a matter of statutory construction that N.C. Gen. Stat. § 14-208.11 does not require a showing of knowledge or intent."); *State v. Holmes*, 149 N.C. App. 572, 577, 562 S.E.2d 26, 30 (2002) (excluding intent from the recitation of the essential elements for conviction under N.C. Gen. Stat. § 14-208.11(a)(2), which makes it unlawful for a sex offender to fail to notify the last registering sheriff of a change of address."); *Young*, 140 N.C. App. at 8, 535 S.E.2d at 384 ("[W]e note that the statute [N.C. Gen. Stat. § 14-208.11] has no requirement of knowledge or intent, so as to require that the State prove either defendant knew he was in violation of or intended to violate the statute when he failed to register his change of address.").

In the instant case, defendant was not charged with a specific intent crime, and voluntary intoxication was not available to him as a defense. The trial court did not err by instructing the jury accordingly. This assignment of error is overruled.

No error.

Judges HUNTER and LEVINSON concur.